[Civ. No. 40026. First Dist., Div. Two. May 17, 1977.]

RAQUEL BURNHAM, Plaintiff and Appellant, v.
MARION J. WOODS, as Director, etc., Defendant and Respondent.

## COUNSEL

Carl L. McConnell, Brian W. Newcomb and Peter H. Reid for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, N. Eugene Hill, Assistant Attorney General, John Klee and John Fourt, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**BRAY, J.**\*—Plaintiff and appellant Raquel Burnham appeals from a judgment of the San Mateo County Superior Court in favor of defendant and respondent Marion J. Woods, as Director of the State Department of Benefit Payments of the State of California.

### ISSUE PRESENTED

 The supplemental payment regulation is invalid.

### RECORD

Appellant filed a petition for writ of mandate and a complaint for declaratory relief seeking to set aside the decision of respondent in connection with her claim of eligibility to receive a supplemental grant payment under the aid to families with dependent children (hereafter AFDC) program and a declaration that regulation 44-315.8 of the Manual of Policies and Procedures (hereafter MPP) is invalid. Respondent answered and after a hearing the superior court judge denied

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

plaintiff's petition for peremptory writ of mandate and entered judgment in favor of respondent.

## STATEMENT OF FACTS

For several years prior to November 1974, plaintiff and appellant Raquel Burnham was eligible for and was receiving financial assistance for her family under the AFDC program.[1] Until November 22, 1974, appellant's family budget unit consisted of herself, her spouse, her three minor children and her spouse's three minor children. Appellant reported her spouse's monthly earnings to the welfare department so that the AFDC grant reflected the family's income. Mr. Burnham's earnings in October of 1974 amounted to $350 of net nonexempt income to the household and consideration of this income resulted in a grant for December in the amount of $127.[2]

On November 22, 1974, appellant's spouse left the family and thereafter provided no income for December of 1974. Thus, for the month of December, the family, in fact, only had available an AFDC grant of $127. Appellant contacted her eligibility worker at the county welfare department on December 10, 1974, seeking help in meeting her rent, utility and food bills. The worker increased the family's stamp allowance for December of 1974. However, the worker refused to supplement the welfare grant because of the rules governing the making and supplementation of aid payments. On December 20, 1974, appellant notified the county that her spouse on that day had removed two minor children from the family.

On December 30, 1974, appellant requested an administrative hearing pursuant to section 10950 of the Welfare and Institutions Code. The administrative hearing was held on January 23, 1975. The issue sought to be determined at the administrative hearing was appellant's eligibility to receive a supplemental grant payment for the month of December of

---

[1] AFDC is a federal assistance program (42 U.S.C. § 601 et seq.) through which states with approved plans received federal funds in order to provide aid and services to needy families with children. California has elected to participate in the program. (Welf. & Inst. Code, § 11200 et seq.)

[2] Because of "Prior Month Budgeting," an AFDC grant for a particular month is calculated on the basis of the net nonexempt income that is received two months prior to the actual payment of the grant. The grant for December was computed by subtracting net nonexempt earnings of $350 from the maximum aid payment for eight persons of $477 which left the AFDC grant at $127.

1974.[3] The written opinion of the Director of the Department of Benefit Payments (respondent in the instant action), dated February 25, 1975, states that appellant is not entitled to receive a supplemental payment under regulation 44-315.8 of the MPP.

On February 25, 1976, appellant filed a petition for writ of mandate and a complaint for declaratory relief in the Superior Court of San Mateo County seeking to set aside the decision of respondent and a declaration that regulation 44-315.8 is invalid. The lower court issued an alternative writ of mandate. Respondent filed a return to the alternative writ of mandate and the complaint for declaratory relief by way of answer. In the minute order dated July 1, 1976, the Honorable Melvin C. Cohn denied the petition for peremptory writ of mandate and discharged the alternative writ. Judgment was entered on July 19, 1976. On September 17, 1976, appellant filed a timely notice of appeal from the judgment entered on July 19, 1976.

## INTRODUCTION

In this appeal appellant attacks the validity of regulation 44-315.8. However, before discussing this regulation, it is helpful, if not mandatory, to look at the AFDC budgeting system.

Prior to November of 1972 AFDC welfare benefits were computed by a budget system known as "concurrent" budgeting. Under concurrent month budgeting, the county makes an estimate in month 1 of the nonexempt income that will be received by the family budget unit during month 2. The nonexempt income would then be subtracted from the maximum entitlement for month 2. Such a process necessitated a certain degree of speculation as to projected income and expenses and, in turn, sometimes resulted in inaccurate grants to recipients. (*Garcia* v. *Swoap* (1976) 63 Cal.App.3d 903, 914 [134 Cal.Rptr. 137].)

In November of 1972, "Prior Month Budgeting" was used to compute welfare benefits. Regulation 44-315.6, at all pertinent times herein, provided for prior month budgeting as follows: "The budget period for grant computation shall be the calendar month ending not more than 34 days before the first installment of the corresponding payment period. (See Section 44-305.22.)

---

[3]Appellant had received a supplemental grant in April of 1974 of $223.

"The grant for the initial and second calendar months shall be computed on the basis of known or estimated income in each of those two calendar months.

"The grants for the third and subsequent payment periods shall be based on actual income received in the budget period."

"Under the instant regulation ... an AFDC grant for the current month is calculated on the basis of the net nonexempt income that is received two months prior to the actual payment of the grant. Since the budget period precedes the payment period by two months, a grant in April is based on a recipient's February income, a grant in May is based on March income, and so forth. All AFDC recipients are required to submit a monthly report of all income received during the budget period. In the intervening month between the budget period and the payment period, the County Welfare Department computes the welfare grant based upon that reported income, and issues the grant at the start of the payment period." (*Garcia* v. *Swoap, supra,* 63 Cal.App.3d 903, 906-907.)

If a recipient suffers a reduction in nonexempt income, the AFDC grant will not reflect the reduction until two months later. Regulation 44-315.6 provides the method by which a recipient may receive a supplemental payment because of a change in nonexempt income. Regulation 44-315.8 provides: "If unusual and unforeseen substantial changes in a recipient's income occur, a supplemental payment may be made when necessary to protect the welfare of the child(ren). Supplemental payments shall be limited in any month to the extent that the total grant, together with currently available income, does not exceed the allowable Maximum Aid.

"When a recipient receives a supplemental payment in more than one month, the total of such payments may not exceed the recipient's total net nonexempt income during the first and second months preceding a change in budgeting method used by the county; or during the first and second months for which aid payments are made."

Regulation 44-315.8 permits supplementation immediately following an income loss only when (1) the family had net nonexempt income in the first two months following the commencement of eligibility (or in the two months preceding a change in budgeting system) and (2) the family has not previously received a supplement equal to that amount of

income. Appellant's history provides a good example of the effect of regulation 44-315.8. In the first month preceding the change of budgeting system in 1972, appellant had $55 of nonexempt income and in the second month $168. Appellant received a supplement in April of 1974 in the amount of $223. Since appellant had received a supplement equal to net nonexempt income of the two months preceding the change in the budgeting period, appellant was not entitled to receive another supplement payment under the terms of regulation 44-315.8.

*The supplemental payment regulation is invalid.*

Appellant argues that the supplemental payment regulation is invalid because it ignores current income and present circumstances of a recipient.

In *Garcia v. Swoap, supra,* 63 Cal.App.3d 903, the appellate court held that regulation 44-315.6 which imposes a system of prior month budgeting for the computation of AFDC assistance payments was invalid. The court in *Garcia* noted that the Social Security Act (42 U.S.C. §§ 601-610) makes federal funds available to states which have submitted and had approved by the Department of Health, Education and Welfare plans for aid and services to needy families with children. (*Id.,* at p. 909.) ▉ The AFDC is an elective program in which California has chosen to participate. (*Id.,* at p. 909.) Once a state has elected to participate in the AFDC program, it must comply with the mandatory requirements established by the Social Security Act and implemented by regulations promulgated by the Department of Health, Education and Welfare. (*Id.,* at p. 909.)

▉ The court in *Garcia* stated: "Title IV of the Social Security Act, 42 United States Code, section 602(a)(7), requires that a state AFDC plan 'must . . . provide that the state agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid. . . .' The regulation adopted pursuant to this directive provides that 'net income [actually] available for current use' shall be considered in determining need and the amount of assistance." (*Id.,* at p. 909.) Furthermore, the primary purpose of the AFDC program is the protection of dependent children through the provision of assistance payments to meet their *current needs.* The court in *Garcia* points out that this purpose requires that a state welfare agency not presume that income is in fact available to the needy family where the income is only a hypothetical one or where the income was actually

received but in a past payment period. (*Id.,* at p. 910.) Nor may a dependent child be punished, through reduction of assistance grants, for parental mismanagement of income. (*Id.,* at p. 910.)

The court in *Garcia* focused on the impact of prior month budgeting on families whose income is sporadic and on families whose income suddenly ceases. The court declared that in these circumstances prior month budgeting permits too great a disparity between current need and current payment as the current payment is based upon income earned two months earlier. The court concluded: "Such a system not only ignores the currency requirements for the consideration of income, but also the practical economic realities facing AFDC families, who, living at bare subsistence levels, cannot be expected to budget sporadic income for a payment period two months in the future." (*Garcia* v. *Swoap, supra,* 63 Cal.App.3d 903, 913.)

The court in *Garcia* mentioned that the supplemental payment regulation did not alleviate the evils of prior month budgeting in that said regulation is not mandatory. But more importantly the supplemental payment regulation does not correct the inherent problems of prior month budgeting in that a family may only receive supplemental payments in an ascertainable amount and not according to its current needs.

Since it has been determined that prior month budgeting is invalid, likewise supplement payments under this scheme must also be determined to be invalid, especially in light of the fact that the supplemental payment regulation does not alleviate the evils found in prior month budgeting.

Judgment reversed.

Taylor, P. J., and Kane, J. concurred.