Paulette CARTER, Betty G. Erwin, Priscilla Dalrymple, and Ella Graham, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Dr. Sarah MORROW, in her official capacity as Secretary of the North Carolina Department of Human Resources; John Syria, in his official capacity as Director of the North Carolina Division of Social Services; and Susan Jeffries, in her official capacity as Section Chief of the North Carolina Child Support Enforcement Agency, Defendants.

No. C–C–81–486.

United States District Court, W. D. North Carolina, Charlotte Division.

Nov. 30, 1981.

D. Lark Hayes and Jane Porter, Legal Services of Southern Piedmont, Inc., Charlotte, N. C., Travis Payne, East Central Community Legal Services, Smithfield, N.C., and Carol Spruill, East Central Community Legal Services, Raleigh, N. C., for plaintiffs.

William F. Briley, Henry H. Burgwyn, and Clifton H. Duke, Asst. Attys. Gen., Child Support Enforcement, Raleigh, N. C., for defendants.

## ORDER

McMILLAN, District Judge.

A hearing was held before the undersigned Judge on November 23, 1981 to consider plaintiffs' Motion for Preliminary Injunction. The plaintiffs were present and represented by counsel of record. Defendants were represented by the Attorney General of North Carolina.

Based on the verified pleadings, the affidavits of record and the oral testimony taken at the hearing, the Court makes the following findings of fact:

(1) Each of the plaintiffs, none of whom currently receives Aid to Families with Dependent Children (AFDC), is in immediate need of child support payments from absent fathers in order to provide for their minor children;

(2) Plaintiffs have been unable to secure adequate support through their own efforts and have sought support enforcement assistance from Child Support Enforcement (hereinafter IV–D) offices in their respective counties;

(3) Despite plaintiffs' requests for child support enforcement assistance, the defendants have failed to accept applications or provide assistance;

(4) According to policy set forth in the Child Support Enforcement Manual in Section III F., defendants have denied assistance to plaintiffs solely because they are not current recipients of AFDC;

(5) The Manual expressly provides that the local IV–D agencies shall not provide in-court legal services to non-recipients, although such services are provided to AFDC recipients;

(6) Non-recipients in need of legal assistance are routinely referred to the District Attorney's office or to private attorneys without further coordination or follow-up by the IV–D programs;

(7) The services provided by defendants to AFDC recipients are substantially different in nature, scope, and quality from services provided to non-recipients;

(8) Defendants have failed to provide any valid justification for this differential treatment of similarly needy parents; and

(9) Each of the named plaintiffs will suffer substantial irreparable injury while this action proceeds if defendants fail to provide child support enforcement assistance to them. Defendants will suffer no significant injury in providing the services to plaintiffs.

Based on the foregoing findings of fact, the Court makes the following conclusions of law:

(1) Defendants' policy of failing to provide non-recipients all child support enforcement services, including in-court legal representation, which are provided AFDC recipients is unlawful insofar as the policy violates 42 U.S.C. § 654(6);

(2) There is a great probability that plaintiffs will succeed on the merits; and

(3) The probable irreparable injury to plaintiffs in the absence of an injunction decidedly outweighs any harm an injunction would cause defendants.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. This Court has jurisdiction over this case;

B. Section III F. of the Child Support Enforcement Manual is declared unlawful insofar as it prohibits provision of all IV–D program services to non-recipients, in violation of 42 U.S.C. § 654(6);

C. Defendants, their successors in office, agents, employees, and delegates are preliminarily enjoined from further failure to provide to each of the named plaintiffs all of the necessary and appropriate child support enforcement services as provided AFDC recipients, including in-court legal representation.