[Civ. No. 68546. Second Dist.; Div. Four. Feb. 6, 1984.]

LA SHAWN CARIEL CULLINS, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
GORDON W. TREHARNE, as Public Administrator, etc., et al.,
Defendants and Respondents.

## COUNSEL

William T. Brandlin for Plaintiffs and Appellants.

Robert H. Philibosian, District Attorney, Donald J. Kaplan and Sterling S. Suga, Deputy District Attorneys, for Defendants and Respondents.

William A. Richmond, District Attorney (Tulare), Gary H. Evans and John S. Higgins, Deputy District Attorneys, John Dougherty, District Attorney (Sacramento), and Michael E. Barber, Deputy District Attorney, as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

KINGSLEY, J.—La Shawn Cullins is the legitimate daughter of Carol Ann Cullins. On September 18, 1970, in a dissolution proceeding, Carol's husband, La Shawn's father, was ordered to pay a pro forma spousal support of $1 and $35 per week for support of La Shawn. Except for the first payment of $35, no payments were ever made pursuant to that order. On February 14, 1980, the father died. Carol filed a claim in his estate which claim, after suit was brought on it, resulted in a judgment for $26,800. From that amount, plaintiff's attorney was directed to hold $8,583.30 pend-

ing determination of the claim of the county to reimbursement for aid to families with dependent children (AFDC) payments made by it to Carol. Ultimately, the trial court made the order herein involved, which held that the county was entitled to the full $8,583.30.

La Shawn and Carol have appealed from that order. We affirm the order.

■ It is admitted that, on her application, the county did pay to Carol the amount herein involved pursuant to the so-called "Aid to Families of Dependent Children" statutes. Those statutes provide that, in consideration of payments under that scheme, there is an automatic assignment to the county. The issue here is whether the assignment is of the full AFDC payment or only of the part thereof paid for child (as distinguished from spousal) support. The governing statute (subd. (a) of § 11477 of the Welf. & Inst. Code) reads as follows: "Assign to the county any rights to support from any other person such applicant may have in their own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is made. Receipt of public assistance under this chapter shall operate as an assignment by operation of law. An assignment of support rights to the county shall also constitute an assignment to the state."

Testimony from the county official in charge of the program was to the effect that the county made a "block" grant, per month, to the mother without any segregation of how much was for the child and how much was for the mother.

California's statute was enacted to comply with, and is controlled by,[1] section 232.11 of 45 Code of Federal Regulations, which governs the use and rights to (as here) federal funds applied for child support. That section reads as follows: "(a) The State plan must provide that:

"(1) As a condition of eligibility for assistance, each applicant for or recipient of AFDC shall assign to the State any rights to support from any other person as such applicant or recipient may have:

"(i) In his own behalf or in behalf of any other family member for whom the applicant or recipient is applying for or receiving assistance; and

"(ii) Which have accrued at the time such assignment is executed."

Under that regulation, it is clear that the federal money herein involved, which was designed to keep a minor child in its natural home, is granted

---

[1]*Burnham* v. *Woods* (1977) 70 Cal.App.3d 667 [139 Cal.Rptr. 4].

on the theory that the grant covers both the direct expense of rearing the child and the compensation (here of the mother) for her services in caring for the child. When, as here, a father (or his estate) provides support for the child and its maternal caretaker, the statutory scheme calls for such paternal support be assigned to the agency from which it had come, to be used in accordance with that agency's obligations to the federal source of the funds involved.[2]

The order herein under appeal was correct. It is affirmed.

Woods, P. J., and McClosky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 4, 1984.

---

[2] *In re Marriage of Simmons* (1977) 72 Cal.App.3d 205 [139 Cal.Rptr. 832].