STATE of Wisconsin and Pauline Wagner (now Holtz), Plaintiffs-Appellants,

v.

James WAGNER, Defendant-Respondent.†

Court of Appeals

*No. 85–2259. Submitted on briefs August 15, 1986.—Decided December 23, 1986.*

(Also reported in 400 N.W.2d 519.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

1

For the plaintiffs-appellants the cause was submitted on the briefs of *James W. Frisch*, district attorney and *Terence T. Bourke*, assistant district attorney of Sheboygan, county.

For the defendent-respondent the cause was submitted on the brief of *Jack E. Schairer*, assistant state public defender.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   The state of Wisconsin and Pauline Wagner (now Holtz) (hereinafter referred to as Holtz) appeal from an order precluding the Sheboygan County District Attorney's office from representing Holtz, a custodial parent, in an action to enforce an

order for support on the grounds that she was not receiving public assistance and there was no showing that she was unable to retain private representation. Because we conclude that secs. 46.25(6) and (7) and 59.47(14), Stats., permit the district attorney's office to provide representation for any custodial parent who requests representation to enforce a support obligation, regardless of his or her welfare status or financial ability to retain private counsel, we reverse and remand.

Holtz contends that the trial court erred in relying upon sec. 767.08(2) and (3), Stats., in determining the scope of the district attorney's authority to represent a custodial parent. Holtz argues that secs. 46.25(7) and 59.07(97), Stats., authorize the district attorney to represent any custodial parent who requests such representation in an action to enforce a support obligation.

Respondent James Wagner (Wagner) argues that: (1) sec. 767.08(2) and (3), Stats., limits the district attorney's representation to those custodial parents receiving public aid; and (2) Title IV-D of the Social Security Act, 42 U.S.C. § 651–665 (1982), requires a custodial parent who is not an AFDC recipient to prove financial inability to obtain private counsel before being entitled to representation under sec. 46.25(7), Stats.

The facts are not disputed. James Wagner and Pauline Holtz were divorced on November 8, 1973. The judgment provided for $85 per month child support. Between September and November 1983, Holtz received public assistance. As of August 2, 1985, arrearages were owing to Holtz for back support ($7,873.25) and to the state for unreimbursed public assistance received by Holtz ($859).

4

Holtz, represented by the Sheboygan County District Attorney's office, brought an order to show cause seeking a contempt finding against Wagner and an order that he pay child support arrearages. At the hearing, Wagner objected to the district attorney's office representing Holtz because she was not an AFDC recipient.[1] The trial court concluded that, absent a finding that Holtz was either on AFDC or unable to afford an attorney, the district attorney was not authorized to provide her with representation.[2]

Statutory construction presents a question of law. *Sprague v. Sprague*, 132 Wis. 2d 68, 71, 389 N.W.2d 823, 824 (Ct. App. 1986). When reviewing questions of law, this court owes no deference to the conclusion of the trial court. *Id.*

The threshold question we must address is whether the relevant statutes are ambiguous. *Standard Theatres, Inc. v. Department of Transp.*, 118 Wis. 2d 730, 740, 349 N.W.2d 661, 667 (1984). When the language of a statute is clear and unambiguous, the statute must be interpreted on the basis of the plain meaning of its terms. *State v. Wittrock*, 119 Wis. 2d 664, 670, 350 N.W.2d 647, 651 (1984). Statutes *in pari materia*, that is, dealing with the same subject matter, must be read together and harmonized if possible. *Weiss v. Holman*, 58 Wis. 2d 608, 619, 207 N.W.2d 660, 665 (1973).

---

[1] Wagner's standing to challenge Holtz's representation by the district attorney's office is not clear. However, because this issue has not been raised, we do not address it.

[2] This case comes before us pursuant to sec. 809.50(1), Stats., upon our order granting Holtz's petition for a permissive appeal.

Disposition of the issue raised by this appeal involves construction of the following statutes. Section 59.07(97), Stats., in relevant part, provides:

> CHILD AND SPOUSAL SUPPORT; PATERNITY PROGRAM; MEDICAL SUPPORT LIABILITY PROGRAM. The county board shall contract with the department of health and social services to implement and administer the child and spousal support ... programs provided for by Title IV of the federal social security act. The board may designate by board resolution any office, officer, board, department or agency as the county designee. *The board or its designee shall implement and administer the programs in accordance with the contract with the state department of health and social services. The district attorney, corporation counsel, family court commissioner, clerk of court and all other county officials shall cooperate with the county and the department as necessary to provide the services required under the programs.* The county shall charge the fee established by the department under s. 46.25 for services provided under this subsection to persons not receiving assistance under s. 49.19 [Aid to Families with Dependent Children statute] or 49.47. [Emphasis added.]

Section 59.47(14), Stats., in relevant part, provides:

> [The district attorney shall:]

> *Cooperate, as necessary,* with the county and the department of health and social services [hereinafter, the department] in ... enforcing child ... support ... under the child ... support ... program under s. 46.25, *including, but not limited to, representation of individuals not receiving assistance under s. 49.19.* [Emphasis added.]

Section 46.25, Stats., in relevant part, provides:

> (6) The department shall establish ... a uniform system of *fees for services provided under this section to individuals not receiving aid under s. 49.19* ....
>
> (7) The department may represent the state or any individual *in any action* to ... enforce a support ... obligation. *The department may delegate its authority to represent the state or any individual in any action to ... enforce a support ... obligation under this section to the district attorney*, or corporation counsel when authorized by county board resolution, pursuant to a contract entered into under s. 59.07(97). ... The department may, by such a contract, authorize a county to contract with any attorney, collection agency or other person to collect unpaid child support. ... If a county fails to implement the programs under s. 59.07(97), the department may implement them and may contract with any appropriate person to obtain necessary services. [Emphasis added.]

Section 59.07(97), Stats., requires Wisconsin counties to contract with the department of health and social services to implement the "child ... support ... programs ... provided for by Title IV of the federal social security act." It is not disputed that, pursuant to this statutory mandate, Sheboygan county entered into a contract with the department to supply these services and that the county, by resolution, designated the district attorney to "implement and administer the programs in accordance with the contract." *See id.*

Section 59.47(14), Stats., requires the district attorney to "cooperate, as necessary," with the county and the department in providing the services under sec. 46.25, Stats., "including, but not limited to,

7

representation of individuals not receiving assistance under s. 49.19."[3]

Section 46.25(7), Stats., unequivocally authorizes departmental representation of "any individual in any action to ... enforce a support ... obligation." Section 46.25(6) requires the department to establish a system of fees to be charged to those individuals who are not receiving aid under sec. 49.19, Stats.

Wagner first attacks the authority of the district attorney to represent Holtz by arguing that sec. 767.08(2) and (3), Stats., limits the district attorney's representation in support actions to custodial parents receiving public aid. Section 767.08(2) and (3), in relevant part, provides:

(2)(a) *If a person fails or refuses to provide for the support* ... of his or her ... minor child, ... any of the following may *commence* an action in any court having jurisdiction in actions affecting the family to compel the person to provide any legally required support ...:
    1.  The person's spouse.
    2.  The minor child.
    3.  The person with legal custody of the child.
    4.  A nonlegally responsible relative.

(3) *If the state or any subdivision thereof furnishes public aid* to a spouse or dependent child for support and maintenance and the spouse, person with legal custody or nonlegally responsible relative *fails or refuses to institute an appropriate court action* under this chapter to provide for the same, the person in charge of county welfare activities, the county child support agency or the state

---

[3]Section 49.19, Stats., provides for Aid to Families with Dependent Children.

department of health and social services shall have the *same right* as the spouse, person with legal custody or nonlegally responsible relative *to initiate an action under this section*, for the purpose of obtaining support ... [Emphasis added.]

Wagner misreads the statutes. These subsections merely convey standing to the department to commence court action when a custodial parent receiving public aid fails or refuses to commence such action to compel support from the noncustodial parent. Both statutes deal only with the *commencement* of an action as opposed to representing a party in an action. Because Holtz has not failed or refused to bring this action but has, in fact, requested the district attorney to represent her in this action, sec. 767.08(2) and (3), Stats., does not apply.

Wagner's next argument is that in order to receive representation, a custodial parent must first prove financial inability to retain private counsel. Both Wagner and the trial court relied upon *Carter v. Morrow*, 526 F. Supp. 1225 (W.D. N.C. 1981), to conclude that persons such as Holtz were required to demonstrate that they were either AFDC recipients or that they were "unable to secure adequate support through their own efforts." The *Carter* case relied upon by Wagner involved the issuance of a preliminary injunction against the state of North Carolina. This district court case was followed by the later case of *Carter v. Morrow*, 562 F. Supp. 311 (W.D. N.C. 1983), which involved the final disposition of the litigation. The following statement in the second *Carter* case does not support Wagner's contention in this regard and is consistent with our interpretation of the relevant statutes:

The program defendants would like to implement is not the program Congress created. For reasons already discussed, Congress required the states to make available to non-AFDC recipients "*the* child support collection or paternity determination services established under the [state IV-D] plan ...." 42 U.S.C. § 654(6)(A) (emphasis added). These words are clear and unequivocal: the state IV-D programs must provide to non-welfare clients *the services*—not some other services—afforded to persons receiving welfare. Nothing in Title IV-D or its legislative history contradicts this plain reading of the statutory language.

Congress *has* recognized that the individual and governmental interests in the IV-D program are somewhat different in the case of non-recipients of welfare. However, Congress has taken this difference into account not by allowing the states to provide different services to non-welfare applicants, but by allowing them to charge those persons a reasonable application fee and to collect costs in excess of the fee from the parent who owes the support obligation or, in limited circumstances, from the applicant. [Emphasis and bracketed material in original.]

*Id.* at 315.

We conclude that to require a non-AFDC person, such as Holtz, to prove financial inability to retain private counsel before receiving state representation would violate the mandate of Title IV-D to provide nonwelfare clients with the same services as are provided for persons receiving welfare. The state may only precondition representation upon the payment of a "reasonable application fee."

10

Wagner's final argument is grounded upon his interpretation of sec. 767.02(3), Stats., to read as follows:

> *Commencement* of an action affecting the family which affects a minor child *constitutes an application* to the department of health and social services for services on behalf of the minor child under s. 46.25. *This application does not authorize representation under s. 46.25 or 59.47(14)*, or intervention as a party in any action, by the department of health and social services. [Emphasis added.]

Wagner argues that the foregoing statute "appears to preclude representation by the department or designee or intervention by such person in actions affecting a minor child commenced in court." We disagree.

Section 767.02(3), Stats., simply provides that the act of commencing any action affecting the family, which affects a minor child, automatically becomes an application for services on behalf of the minor child under sec. 46.25, Stats. It is clear, however, that this statutorily mandated application for services does not authorize the department to provide representation for, or intervene in, these family court actions. The fact that a sec. 767.02(3) "application" does not authorize representation in no way affects the authorization for representation contained in *other sections* of the statutes. We are not to read sections of a statute in a vacuum but must read them together in order to best determine the plain and clear meaning of the statute. *Arneson v. Arneson*, 120 Wis. 2d 236, 243, 355 N.W.2d 16, 19 (Ct. App. 1984).

In the instant case, Holtz, a custodial parent, is a non-AFDC recipient who is attempting to enforce an order for support against a noncustodial spouse. Sheboygan county has contracted with the department to implement and administer programs under Title IV-D of the Social Security Act and has designated the district attorney's office as the agency to carry out these programs. *See* sec. 59.47(14), Stats. We conclude that based upon the foregoing statutes, the district attorney is authorized to represent Holtz. The order of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*By the Court.*—Order reversed and cause remanded.