[No. C004376. Third Dist. Feb. 8, 1989.]

CAROL J. WORTH, Petitioner, v.
THE SUPERIOR COURT OF EL DORADO COUNTY,
Respondent;
NATHANEAL C. WORTH, Real Party in Interest.

---

COUNSEL

Ronald Tepper, District Attorney, and Jonathan P. Burris, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

---

OPINION

**CARR, Acting P. J.**—Petitioner seeks a writ of mandate directing respondent superior court to vacate its order denying her motion to compel discovery and to enter a new order granting the motion.

As of October 23, 1985, the marriage of petitioner and real party in interest (real party) was dissolved. On May 5, 1987, a judgment was entered ordering real party to pay petitioner a total of $582 per month in child support for two children and $522 per month in spousal support. Declaring that real party failed to pay the support ordered by the court, petitioner obtained a writ of execution and commenced other proceedings in an effort to obtain the support payments. Throughout these and later proceedings, petitioner was represented by the office of the District Attorney of El Dorado County.

On December 3, 1987, real party filed a motion to modify downward the child support and to terminate spousal support. Petitioner served notice of deposition on real party, requiring him to produce certain documents. Real party filed opposition to the notice of deposition, and petitioner filed a motion to compel real party to appear for his deposition and to produce documents. Real party filed opposition to the motion to compel, asserting that the district attorney was not authorized to represent petitioner in proceedings relating to modification of the child support and spousal support order. On March 4, 1988, respondent court denied petitioner's motion to compel.

Petitioner filed the instant mandamus petition on May 3, 1988. On May 19, 1988, we stayed hearing on the motion to modify the child support and spousal support order, pending further order of this court. In addition, we notified the parties we were considering issuing a peremptory writ in the first instance and that any opposition to the petition was to be filed on or before June 3, 1988. Real party has not filed opposition to the petition. We shall issue a peremptory writ of mandate.

 Real party refuses to comply with the discovery requests solely on the ground that the district attorney is not authorized to represent petitioner in proceedings by which real party seeks modification of the child and spousal support order. Recognizing that the California Supreme Court has held that the district attorney may not prosecute civil actions in the absence of specific legislative authorization (*People* v. *McKale* (1979) 25 Cal.3d 626, 632-633 [159 Cal.Rptr. 811, 602 P.2d 731]; *Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 236 [124 Cal.Rptr. 174, 540 P.2d 14]), petitioner contends that the district attorney's participation in the underlying proceedings is authorized by Welfare and Institutions Code section 11475.1, which is set out in pertinent part in the margin.[1]

---

[1] Welfare and Institutions Code section 11475.1, subdivision (a), provides in part: "Each county shall maintain a single organizational unit located in the office of the district attorney which shall have the responsibility for promptly and effectively enforcing child and spousal support obligations and determining paternity in the case of a child born out of wedlock. The

In a concurring opinion from this court on an issue not tendered by the appeal, one justice has determined that Welfare and Institutions Code section 11475.1 does not authorize a district attorney's representation of individuals not receiving public assistance or Aid to Families with Dependent Children (AFDC). (See *In re Marriage of Bailey* (1988) 198 Cal.App.3d 505, 511-518 [243 Cal.Rptr. 776] (conc. opn. of Evans, J.).) We reject that determination, nonbinding on trial courts for lack of a concurrence, as contrary to the express statutory language of section 11475.1. (See *id.,* at pp. 513-518, conc. opn. of Sims, J.)

Welfare and Institutions Code section 11475.1 is among the statutes enacted by the California Legislature to implement the state's participation in the federal AFDC program. (See Welf. & Inst. Code, §§ 10600 et seq. and 11200 et seq.) "AFDC is an elective program in which California has chosen to participate. [Citation.] ■ Once a state has elected to participate in the AFDC program, it must comply with the mandatory requirements established by the Social Security Act and implemented by regulations promulgated by the Department of Health, Education and Welfare.

district attorney shall take appropriate action, both civil and criminal, to enforce this obligation when the child is receiving public assistance, including Medi-Cal, *and when requested to do so by the individual on whose behalf the enforcement efforts will be made when the child is not receiving public assistance,* including Medi-Cal. To the extent required by federal law, actions brought by the district attorney to establish or enforce support obligations in all cases, other than paternity cases or those cases involving complex issues, shall be completed within the following time limits: (1) 90 percent of the actions shall be completed within three months from the date of service; (2) 98 percent of the actions shall be completed within six months from the date of service; and (3) 100 percent of the actions shall be completed within 12 months from the date of service. As used in this section, 'service' means the service of process required by law for the particular proceeding. This responsibility applies to spousal support only where the spousal support obligation has been reduced to an order of a court of competent jurisdiction. In any action brought for modification or revocation of an order that is being enforced under Title IV-D of the Social Security Act, the effective date of the modification or revocation shall be as prescribed by federal law (42 U.S.C. Sec. 666(a)(9)), or any subsequent date. In any action brought or enforcement proceedings instituted by the district attorney pursuant to this section for payment of child or spousal support, an action to recover an arrearage in support payments may be maintained by the district attorney at any time within the period otherwise specified for the enforcement of a support judgment, notwithstanding the fact that the child has attained the age of majority. *The county shall undertake an outreach program to inform the public that this service is available to persons not receiving public assistance. There shall be prominently displayed in every public area of every office of the units established by this section a notice, in clear and simple language prescribed by the Director of Social Services, that child and spousal support enforcement services are provided to all individuals whether or not they are recipients of public social services.*

"In any action for child support brought by the district attorney in the performance of duties under this section, the district attorney may make a motion for an order effective during the pendency of that action, for the support, maintenance, and education of the child or children that are the subject of the action. This order shall be referred to as an order for temporary support. This order shall have the same force and effect as a like or similar order under the Family Law Act (Part 5 (commencing with Section 4000) of Division 4 of the Civil Code)." (Italics added.)

[Citation.]" (*Burnham* v. *Woods* (1977) 70 Cal.App.3d 667, 673 [139 Cal.Rptr. 4], citing *Garcia* v. *Swoap* (1976) 63 Cal.App.3d 903, 909 [134 Cal.Rptr. 137].) A 1975 amendment to title IV of the federal Social Security Act mandates that states which participate in the AFDC program shall provide child support collection services to all individuals, whether or not the individuals are receiving public assistance. (42 U.S.C. § 654(6)(A); 45 C.F.R. § 302.33(a).) It has been uniformly held that support obligation enforcement services supplied to persons on AFDC must also be made available to persons not receiving public assistance. (See *Carter* v. *Morrow* (W.D.N. Car. 1983) 562 F.Supp. 311; *State* ex rel. *Jeske* v. *Jeske* (1988) 144 Wis.2d 364 [424 N.W.2d 196]; *S. C. Dept. of Social Services* v. *Deglman* (1986) 290 S.C. 542 [351 S.E.2d 864]; *State* v. *Wagner* (1986) 136 Wis.2d 1 [400 N.W.2d 519]; *Colorado Div. of Employment* v. *Wells* (Colo.App. 1984) 693 P.2d 1027; see also *Morris* v. *Cohen* (1983) 149 Cal.App.3d 507, 510-512 [196 Cal.Rptr. 834]; *In re Marriage of Guardino* (1979) 95 Cal.App.3d 77, 84-85 [156 Cal.Rptr. 883].)

Section 11475.1 complies with this mandate. The statute specifically states that the district attorney "shall have the responsibility for promptly and effectively enforcing child and spousal support obligations" and that the district attorney *"shall take appropriate action,* both civil and criminal, *to enforce this obligation* when the child is receiving public assistance, including Medi-Cal, and *when requested to do so by the individual on whose behalf enforcement efforts will be made when the child is not receiving public assistance*[.]" The statute further directs the county to "undertake an outreach program to inform the public that this service is available to persons not receiving public assistance." (Italics added.) The fact that petitioner may not be receiving public assistance is no impediment to her substituting the district attorney as her counsel of record.

Section 11475.1 also authorizes the district attorney to oppose requests for modifications of support orders. As noted, the statute directs the district attorney to "promptly and effectively enforc[e] child and spousal support obligations," and the statute expressly commands the district attorney to "take appropriate action . . . to enforce this obligation. . . ." Common meanings of "enforce" include, "to give force to: REINFORCE . . . to urge with energy . . . ." (Webster's New Internat. Dict. (3d ed. 1971) p. 751.) The duty to "enforce" child and spousal support obligations therefore includes the duty to "reinforce" them or to "urge" them; i.e., to oppose their reduction or elimination. Moreover, this is the only meaning of "enforce" that can be reconciled with the apparent purpose of section 11475.1, which is to provide attorney representation to those receiving support so that they may effectively compel those obligated for support to pay it. The interest of the supported spouse or child in obtaining

support is not less simply because the procedural context involves a reduction or loss of support through modification. We do not see how the Legislature could have intended to authorize the district attorney to participate in the establishment and enforcement of support orders but not in proceedings to reduce or vacate the support orders.

Finally, we note that the language of Welfare and Institutions Code section 11475.1 facially contemplates authority to participate in modification proceedings, albeit with reference to the effective date of modification of support orders: "In any action brought for modification or revocation of an order that is being enforced under Title IV-D of the Social Security Act, the effective date of the modification or revocation shall be as prescribed by federal law (42 U.S.C. Sec. 666(a)(9)), or any subsequent date."

We therefore conclude that section 11475.1 authorizes a district attorney to oppose a requested modification of a support order.

Assuming *In re Marriage of Brown* (1987) 189 Cal.App.3d 491 [234 Cal.Rptr. 535] is correctly decided, it is distinguishable. In *Brown* the court held a district attorney was not empowered by Civil Code section 4801.7 to represent a spouse in her defense of a motion seeking the termination of spousal support.[2] The rationale of the court's decision (189 Cal.App.3d at p. 496), was that Civil Code section 4801.7 authorizes a district attorney only to "*bring . . . enforcement proceedings . . . .* (Italics added.)" Though

---

[2] Civil Code section 4801.7 provides: "(a) In any proceeding where a court makes or has made an order requiring payment of spousal support, the court may direct that payment shall be made to the county officer designated by the court for the purpose. The court may include in any such order any service charge imposed under the authority of Section 279 of the Welfare and Institutions Code.

"(b) In any proceeding where the court has entered an order pursuant to subdivision (a) the court may also refer the matter of enforcement of the spousal support order to the district attorney. The district attorney may bring such enforcement proceedings as he or she in his or her discretion deems appropriate. Nothing in this section shall be construed to prohibit the district attorney from bringing an action or from initiating process to enforce or to punish the failure to obey an order for spousal support under any provision of law which empowers the district attorney to bring such an action or initiate such a process, whether or not there has been a referral by the court pursuant to this section.

"(c) Notwithstanding the provisions of subdivision (b), in any case in which the district attorney is required to appear on behalf of a welfare recipient in a proceeding to enforce an order requiring payment of child support, the district attorney shall also enforce any order requiring payment to the welfare recipient of spousal support that is in arrears.

"(d) Insofar as expenses of the county officer designated by the court and expenses of the district attorney incurred in the enforcement of any order referred by the court exceed any service charge imposed under Section 279 of the Welfare and Institutions Code, they shall be a charge upon the county where the proceedings are pending. Any fees for service of process in the enforcement of any such order shall be a charge upon the county where the process is served."

Civil Code section 4801.7 arguably limits the power of a district attorney to the *initiation* of proceedings, no comparable limitation is found in Welfare and Institutions Code section 11475.1, which instructs a district attorney to "take appropriate action." *Brown* did not discuss or consider section 11475.1, and is of no assistance in determining the district attorney's authority under section 11475.1, the situation presented here. ██ Cases are not authority for propositions not considered. (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 482, fn. 7 [82 Cal.Rptr. 724, 462 P.2d 580]; *Leger* v. *Stockton Unified School Dist.* (1988) 202 Cal.App.3d 1448, 1461 [249 Cal.Rptr. 688].)

██ Real party's only objection to the motion to compel was that the district attorney was not authorized to represent petitioner in the proceedings relating to modification of the support orders. As the district attorney did have authority to represent petitioner, the motion to compel should have been granted.

Having complied with the procedural requirements delineated in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are empowered to issue a peremptory writ of mandate in the first instance.

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying petitioner's motion to compel discovery, and to enter a new order granting the motion. Upon this decision becoming final, the previously issued stay is vacated.

Sims, J., and Marler, J., concurred.

A petition for a rehearing was denied March 7, 1989.