[No. C003381. Third Dist. May 3, 1989.]

COUNTY OF SAN JOAQUIN, Plaintiff and Respondent, v. ROBIN WOODS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to rule 976.1 of the California Rules of Court, this opinion is certified for publication with the exception of parts I and III of the Discussion.

COUNSEL

Peter C. Carton, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Raymond L. Brosterhous and William G. Prahl, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, J.—In this case we hold that a noncustodial parent's visitation rights could not be litigated in a child support enforcement action brought pursuant to Welfare and Institutions Code sections 11350.1 and 11475.1. (Statutory references are to this code unless otherwise noted.)

Represented by its district attorney, the County of San Joaquin (County) brought this action to determine paternity of, and to obtain support for, minor A. L. W. in 1981. Defendant Robin Woods admitted paternity and during the next several years the trial court entered orders requiring defendant to pay support and providing for his visitation with the minor.

In 1985 defendant and the minor's mother agreed to a stipulated order specifying the times and places of defendant's visitation with the minor. Thereafter defendant filed numerous show-cause proceedings alleging the mother was in contempt because she refused to permit the visitation.

In August 1987 the trial court granted County's motion to strike the visitation language from the stipulated order on the ground the issues in this child support enforcement action were limited to paternity and support, and the issue of visitation could not be joined. The trial court stated that defendant must litigate the visitation issue in a separate action.

Defendant appeals from this order. In unpublished portions of this opinion we reject defendant's contentions (a) the trial court could not remedy the illegality of the 1985 visitation order because County had failed to appeal an earlier visitation order assertedly entered in 1982, and (b) the district attorney acted improperly in moving to strike the visitation order. In this published portion, we conclude the trial court lacked statutory jurisdiction to adjudicate the visitation dispute. We shall affirm the trial court's order.

DISCUSSION

I

*It Is Immaterial That County Did Not Appeal From the 1982 Visitation Order.* *

. . . . . . . . . . . . . . . . . . . . . . .

II

*The Trial Court Properly Concluded Visitation Could Not Be Litigated in This Child Support Action Brought by a County Through Its District Attorney.*

■ Defendant contends sections 11350.1 and 11475.1 pose no jurisdictional bar to the adjudication of vistitation rights in this case. Defendant contends it was appropriate for the district attorney to have litigated the visitation issue in this support obligation enforcement action. Defendant makes no claim that the Legislature could not limit the issues to be determined in this wholly statutory action. (See *Abelleira* v. *District Court of*

---

* See footnote, *ante,* page 56.

*Appeal* (1941) 17 Cal.2d 280, 288-289 [109 P.2d 942, 132 A.L.R. 715]; *Reed v. Omnibus R. R. Co.* (1867) 33 Cal. 212, 216-217.) Rather he argues as a matter of statutory interpretation that the cited statutes do not prohibit the trial court from adjudicating visitation disputes. We cannot agree.

■ As County's complaint alleges, County brought this action at the mother's request pursuant to section 11475.1 which provides in part that, "The district attorney shall take appropriate action, both civil and criminal, to enforce this [support] obligation when the child is receiving public assistance, including Medi-Cal, and when requested to do so by the individual on whose behalf the enforcement efforts will be made when the child is not receiving public assistance, . . ."[1] The district attorney was authorized to bring this action even though neither the mother nor the minor child, A. L. W., was receiving public assistance. (*Worth v. Superior Court* (1989) 207 Cal.App.3d 1150, 1153 [255 Cal.Rptr. 304].)

■ Section 11350.1 provides in pertinent part: "Notwithstanding any other statute, *in any action brought by the district attorney for child support of a minor child or children,* the action may be prosecuted in the name of the county on behalf of the child, children or caretaker parent. . . . In an action under this section there shall be no joinder of actions, or coordination of actions, or cross-complaints, and *the issues shall be limited strictly to the question of paternity, if applicable, and child support.*" (Italics added.)

In the trial court defendant argued section 11350.1 applied exclusively to an action brought to recover public assistance pursuant to section 11350[2] and did not apply to an action brought pursuant to section 11475.1 where no public assistance had been paid. Although somewhat unclear, defendant appears to reiterate this argument on appeal.

---

[1] County was not required to, and did not, proceed under the provisions of the Uniform Civil Liability For Support Act (Civ. Code, §§ 241-254). (See *County of Yolo v. Francis* (1986) 179 Cal.App.3d 647, 650, fn. 3 [224 Cal.Rptr. 585].)

[2] Section 11350 provides in relevant part: "In any case of separation or desertion of a parent or parents from a child or children which results in aid under this chapter being granted to such family, the noncustodial parent or parents shall be obligated to the county for an amount equal to: [¶] (a) The amount specified in an order for the support and maintenance of such family issued by a court of competent jurisdiction; or in the absence of such court order,

"(b) The amount of aid paid to the family during such period of separation or desertion limited by such parent's reasonable ability to pay during that period in which aid was granted; and

"(c) Such obligation shall be reduced by any amount actually paid by such parent during such period of separation or desertion for the support and maintenance of such family.

"The district attorney shall take appropriate action pursuant to this section in the superior court of the county which provided aid under this chapter."

The argument is not well taken. By its plain language, section 11350.1 applies to "any action brought by the district attorney for child support." An action brought pursuant to section 11475.1 is such an action.

Moreover, in *County of Los Angeles* v. *Ferguson* (1979) 94 Cal.App.3d 549 [156 Cal.Rptr. 565] the court discussed sections 11350 and 11350.1 and noted that "Section 11475.1 is also part of the same statutory scheme. Though not incorporated in the same chapter, it was enacted the same day as sections 11350 and 11350.1. It generally charges the organizational unit in the office of the district attorney with responsibility to enforce the obligations of parents to support their children. *No intent to abrogate the procedural limitations above discussed [in sections 11350 and 11350.1] is evident.*" (P. 560, italics added.)

Finally, we think the evident intent of section 11350.1 is to confine the efforts of the district attorney, a public servant, to the litigation of parentage and support issues without distraction by other more personal disputes between the parties, as happened in this case.

We therefore hold that section 11350.1 specifies procedures to be followed in this action brought under section 11475.1. Section 11350.1 plainly states that the issues in actions such as this shall be limited to the questions of paternity and child support. Here defendant made no attempt to litigate the denial of visitation as a defense to his obligation to pay child support. Rather, the parties obtained an order containing a detailed visitation schedule and thereafter litigated compliance with the order apart from any duty of support. We therefore have no occasion to decide whether frustration of visitation is a defense to a child support obligation or, if it is, whether its litigation would be appropriate in an action brought under section 11475.1. (See Code Civ. Proc., § 1694; *Moffat* v. *Moffat* (1980) 27 Cal.3d 645, 652 [165 Cal.Rptr. 877, 612 P.2d 967]; *Carr* v. *Marshman* (1983) 147 Cal.App.3d 1117, 1120 [195 Cal.Rptr. 603]; *In re Marriage of Anderson* (1981) 125 Cal.App.3d 553, 559-560 [178 Cal.Rptr. 117]; *In re Marriage of Ciganovich* (1976) 61 Cal.App.3d 289, 294 [132 Cal.Rptr. 261]; compare *State of Washington* ex rel. *Burton* v. *Leyser* (1987) 196 Cal.App.3d 451, 460 [241 Cal.Rptr. 812]; *Solberg* v. *Wenker* (1985) 163 Cal.App.3d 475, 480-481 [209 Cal.Rptr. 545]; *In re Marriage of Daves* (1982) 136 Cal.App.3d 7, 10 [185 Cal.Rptr. 770].) Since the issue of visitation was unrelated to the issues of paternity or child support, section 11350.1 precluded litigation of the visitation issue in this action.

Although the language of section 11350.1 is clear enough, we note that the statute has previously been construed to preclude claims such as visitation from being litigated in a support enforcement action. (See *D. G.* v.

*Superior Court* (1979) 100 Cal.App.3d 535, 542 [161 Cal.Rptr. 117] [Uniform Parentage Act claim in which visitation may be litigated may not be brought in an action pursuant to section 11350.1]; see also *County of Alameda* v. *Sampson* (1980) 104 Cal.App.3d 584, 591 [163 Cal.Rptr. 915] [cross-complaint may not be brought in a section 11350.1 action].)

The trial court properly concluded defendant's visitation claim could not be litigated in this child support enforcement action authorized by section 11475.1. Defendant should obtain an adjudication of his visitation rights by filing a separate action under the Uniform Parentage Act. (Civ. Code, §§ 7000, 7010, subd. (c).)

## III

*The District Attorney Did Not Act Improperly.* *

. . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment (order) is affirmed.

Puglia, P. J., and Marler, J., concurred.

A petition for a rehearing was denied May 30, 1989, and appellant's petition for review by the Supreme Court was denied August 10, 1989.

---

* See footnote, *ante,* page 56.