382 So.2d 301 (1980)
The DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES of the State of Florida, Appellant,
v.
Darrell Gene HEFFLER, Appellee.
No. 57171.
Supreme Court of Florida.
March 27, 1980.
Joseph R. Boyd of Boyd, Harris & Smith, Tallahassee, and Chriss Walker, Office of Child Support Enforcement, Dept. of Health and Rehabilitative Services, Tallahassee, for appellant.
McDONALD, Justice.
The state Department of Health and Rehabilitative Services (HRS) appeals a circuit court ruling that section 409.2567, Florida Statutes (1977), is unconstitutional. This Court has jurisdiction under article V, section 3(b)(1), Florida Constitution.
Section 409.2567 allows HRS to provide child support collection and paternity determination services to persons not receiving governmental subsidies. These services include HRS's maintenance of suit, on behalf of an individual, to determine the paternity of dependent children. In such suits, counsel is supplied at no outright cost to the individual, but apparently not to the respondent. The trial court found this practice to be a denial of equal protection of the law. We disagree.
Article I, section 2 of the Florida Constitution states: "All natural persons are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property; ... ." This Court has stated: "For a statutory classification to satisfy the equal protection clauses found in our organic documents, it must rest on some difference *302 that bears a just and reasonable relation to the statute in respect to which the classification is proposed." Rollins v. State, 354 So.2d 61, 63 (Fla. 1978). "[T]he test to be utilized in examining whether a statutory classification satisfies the Equal Protection Clause is whether it rests on some difference bearing a reasonable relation to the object of the legislation." Soverino v. State, 356 So.2d 269, 271 (Fla. 1978). "Any classification must bear a just and reasonable relation to a legitimate purpose." In re Estate of Reed, 354 So.2d 864, 865 (Fla. 1978), citing Gammon v. Cobb, 335 So.2d 261 (Fla. 1976).
Section 409.2567 meets this test. The basic purpose of sections 409.2551-409.2597, Florida Statutes (1977), is to maintain children "from the resources of responsible parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs." Section 409.2551, Florida Statutes (1977). Section 409.2567 supports this purpose by allowing the identification of responsible parents and the award of support from them prior to, and in place of, receiving public assistance.
The legislature passed sections 409.2551-409.2597 in order to receive federal aid to families with dependent children (AFDC) funds. The pertinent language of section 409.2567, "any individual not otherwise eligible for such services," comes directly from the federal statute. 42 U.S.C. § 654(6)(A).
Since section 409.2561(4) allows reimbursement of HRS's expenses out of support payments, individual plaintiffs under section 409.2567 are not receiving free counsel. But, such individuals do not suffer the out-of-pocket expense of hiring an attorney as do most defendants in paternity determinations.
The concern of the circuit court that the petitioner was furnished counsel by HRS and the respondent was not should not vitiate the statute. With the advent of legal aid societies, and the willingness of members of the Florida Bar to contribute their services when needed, indigent defendants in such suits should be able to secure representation.
The trial judge had other objections to the statute, with which we disagree.
We find that section 409.2567 suffers from no constitutional defect. The trial court's order is hereby quashed, and this cause is remanded for further proceedings under chapter 742, Florida Statutes.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.