## 22648

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Petitioner v. Iva N. DEGLMAN, Respondent.

(351 S. E. (2d) 864)

Supreme Court

Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Nan L. Black, Asst. Atty. Gen. Ruby E. Brice, Chief State Atty. Edgar W. Dickson, State Atty. S. Belinda Ellison, and Staff Atty. George T. Burnett, Columbia, for petitioner.

Francis Draine, of Draine, McLaren and Lee, Columbia, for respondent.

Heard Nov. 18, 1986.

Decided Dec. 29, 1986.

## OPINION

HARWELL, Justice:

Robert Deglman (father) assigned his child support rights to his employer, South Carolina Department of Social Services (DSS). DSS brought this action to establish a support obligation on the part of Iva Deglman (mother) for her sixteen year old daughter. The family court judge dismissed the action. On appeal the Court of Appeals affirmed and awarded double costs to mother. *South Carolina Department of Social Services v. Deglman*, 288 S. C. 149, 341 S. E. (2d) 638 (Ct. App. 1986). We granted DSS's petition for Writ of Certiorari.

Father and mother were divorced in 1978. Father was granted temporary custody of the two children. Mother appealed the amount of alimony and attorney fees awarded to her. This Court reversed and remanded. *Deglman v. Deglman*, 276 S. C. 600, 281 S. E. (2d) 123 (1981). On October 1,

1981, father assigned his child support rights to his employer, DSS. Twelve days later, father instituted a new suit against mother involving matters that are not relevant to this appeal. That suit and the hearing on remand were consolidated in the lower court. Alimony and attorney fees were increased. Immediately after that hearing was concluded, DSS sued mother for child support.

The family court dismissed the action on the ground of collateral estoppel, stating that the father should have asked for child support during previous litigation. This holding was clearly erroneous since child support is a continuing obligation. *See Moseley v. Mosier*, 279 S. C. 348, 306 S. E. (2d) 624 (1983). The Court of Appeals affirmed the dismissal, but on different grounds. The Court of Appeals held that DSS lacked standing to bring the action and that the action was frivolous. The Court of Appeals awarded double costs to mother. We granted DSS's petition for Writ of Certiorari.

DSS claims that the Court of Appeals erred in finding that it lacked standing. We agree. DSS contends that its participation in this suit is authorized by 42 U.S.C. § 654 (1983). In 1974, Title IV, Part D of the Social Security Act was amended by Congress to establish a Child Support Enforcement Program. The legislation requires each state to adopt a plan for providing designated services. Upon approval of the state plan, the federal government reimburses the state for a certain percentage of the costs that are incurred. This program primarily focuses on obtaining and collecting support for recipients of Aid to Families With Dependent Children (AFDC). Congress recognized, however, that often a family's dependence on AFDC in the first instance is caused by the failure of an absent parent to meet obligations. *See* S. Rep. No. 1356, 93rd Cong., (2d) Sess., reprinted in 1974 U. S. Code Cong. & Ad. News 8133, 8145-46, 8158.

The Act plainly provides that "the child support collection or paternity determination services established under the [state] plan shall be made available to any individual not otherwise eligible for such services upon application filed by such individual with the state. . . ." 42 U.S.C. § 645(6)(A) (Supp. 1986). All services available to

AFDC families are to be made available to non-AFDC applicants. *Carter v. Morrow,* 562 F. Supp. 311 (W.D.N.C. 1983). Among the services that the state must provide to receive federal approval is *establishment* of the support obligation through the state courts or other legal process. 45 C.F.R. §§ 302.5, 303.4 (1982); S. Rep. No. 1356, 93rd Cong., (2d) Sess., *reprinted in* 1974 U. S. Code Cong. & Ad. News 8133, 8134; S. C. Code Ann., Vol. 27, Reg. 114-25-10(B)(1) (1981).

The Court of Appeals reasoned that since the program included non-AFDC families in order to prevent them from having to apply for welfare, Congress intended for DSS to make the program's benefits available to non-AFDC families only when three conditions are met. These conditions are: (1) a support obligation has been established against a legally responsible parent; (2) the applicant is eligible for AFDC, or likely to need welfare if collection services are not made available; and (3) the dependent child has a present need for support. The Court of Appeals went on to hold that since these three conditions were not met, DSS had no standing to bring the suit.

The first requirement is clearly contrary to federal and state regulations. The establishment of the support obligation is one of the services the program was designed to provide. The second requirement receives no support from the Act or the regulations. The Act provides that individuals, "whether or not eligible" for AFDC, are to receive the same services as AFDC recipients. 42 U.S.C. § 651 (Supp. 1986). The third requirement is inherent in the process of obtaining child support since the family court may not order support absent a need for it. The Court of Appeals erred in finding that DSS had no standing to bring this action.

Petitioner contends that the Court of Appeals erred in finding that DSS failed to prove that father assigned his rights to DSS. The Court of Appeals found that while the trial judge stated that a copy of the assignment was attached to the complaint, the record did not indicate that the assignment was offered or approved at the hearing. Since mother's answer denied the assignment, the Court of Appeals concluded that DSS failed to prove an essential element of its action. This issue was not raised by exception and therefore it should not have been considered

on appeal. *Southern Region Industrial Realty, Inc. v. Timmerman*, 285 S. C. 142, 328 S. E. (2d) 128 (1985).

Petitioner also asserts that the Court of Appeals erred in finding that child support was not warranted on the merits of this case. We strongly disagree with petitioner. At the time of the hearing, father worked for DSS and drew military retirement. He had a monthly gross income of $3,309. Mother, who was employed full time, had a monthly gross salary of $657 in addition to $625 monthly alimony, for a total monthly income of $1,282. Mother was in poor health due to degenerative spinal condition and emotional problems. On their financial declarations, father listed property worth $91,635.34, while mother listed property worth $4,353.63. One of the two children was emancipated. The other one, who was almost seventeen years old, was in good health, attending public school, and working part-time. She lived in her father's condominium, drove her own car, and had access to her father's boat. *See South Carolina Department of Social Services v. Deglman*, 288 S. C. 149, 341 S. E. (2d) 638 (Ct. App. 1986).

Although the trial judge did not address the merits of the case, this Court may review an inadequate family court order if a sufficient record is presented on appeal. *McSwain v. Holmes*, 269 S. C. 293, 237 S. E. (2d) 363 (1977). It is our determination that this suit is completely without merit. We wholeheartedly agree with the Court of Appeal's statement that, "this is a suit which should never have been brought. The facts of the case cast serious doubt on the judgment of the attorneys who agreed to institute the action on behalf of Mr. Deglman. The power of the government is abused when, as here, it is used by one private citizen to harass another with meritless litigation." *Deglman*, 288 S. C. at 154, 341 S. E. (2d) at 641.

Nothing in state or federal statutes and regulations would prohibit DSS from refusing to bring a frivolous suit. The attorney's oath and disciplinary rules for the State of South Carolina clearly mandate that an attorney shall not assert a claim that cannot be supported by a good faith argument. S. Ct. R. 32, DR 7-102(A). We find that this suit is wholly without merit, and we affirm the result reached by the Court of Appeals on this basis.

Lastly, petitioner argues that the Court of Appeals erred in awarding double costs. Mother did not present an itemized bill of costs to the Court of Appeals as required by S. Ct. R. 38, § 2(C). The award of costs was, therefore, in error.

Affirmed as modified.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.