552 So.2d 348 (1989)
Diane D. WILKINSON, Appellant,
v.
Wayne L. COGGIN, Appellee.
No. 89-83.
District Court of Appeal of Florida, Fifth District.
November 22, 1989.
*349 Harold E. Barker of Carlton & Carlton, Lakeland, for appellant.
Timothy Keyser, Interlachen, for appellee.
GOSHORN, Judge.
Acting on behalf of the former wife, the Florida Department of Health and Rehabilitative Services (HRS) filed a form "petition to enforce or modify final judgment." At the time of the filing, the former wife was not a public assistance recipient. The judge determined that the former husband was not in arrears of his court ordered child support obligation and, in fact, was entitled to a credit. The court then found that HRS lacked statutory authority to proceed on behalf of the former wife to seek modification of child support previously agreed to by the parties and approved by the court. This appeal followed.
The former wife urges that Section 409.2567,[1] Florida Statutes (1987), mandates HRS to provide child support modification representation to non-AFDC recipients to assure compliance with Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq. The former husband counters that HRS lacks standing to seek a modification in this case because, while section 409.2561 expressly authorizes HRS to apply for modification of a court order on behalf of AFDC clients, section 409.2567, relating to non-AFDC clients, is limited by its terms to "support enforcement and paternity determinations." The former husband contends that by failing to expressly include the authority to file a petition to modify existing court orders, the legislature intended to exclude such petitions from the services provided non-AFDC clients.[2]
The present controversy arises from the meaning of the term "support enforcement" as used in section 409.2567. If restricted to mean the enforcement of existing support orders as opposed to the modification of those orders, then the former husband would be correct in his interpretation. We, however, take the broader view that "support enforcement" refers to enforcement of the noncustodial parent's general obligation of support. The general obligation of support encompasses the obligation to modify the amount of support upon a showing of change in need and ability to pay. § 61.14, Fla. Stat. (1987). This broader interpretation is entirely consistent with the intent of Florida's child support enforcement law, i.e., that children shall be maintained from the resources of their parents.[3] Our reading of the statute *350 assumes its application will conform to the congressional mandate requiring states to make available to non-AFDC recipients all the same services afforded to welfare recipients. See 42 U.S.C. § 654 (6)(A); Carter v. Morrow, 562 F. Supp. 311 (W.D.N.C. 1983) (Nonrecipients of AFDC may not be discriminated against in any way, or provided services of a different type or quality than those provided to AFDC recipients).
Accordingly, we determine that HRS is authorized and empowered to proceed with the modification petition on behalf of the former wife.
REVERSED and REMANDED for trial on the modification petition.
SHARP, W., J., concurs.
ORFINGER, Judge, Retired, dissents without opinion.
NOTES
[1] Section 409.2567, Florida Statutes (1987) provides:

409.2567 Services to individuals not otherwise eligible.  All support enforcement and paternity determination services provided by the department shall be made available on behalf of all dependent children. Services shall be provided upon acceptance of public assistance or upon proper application filed with the department. The state shall pay an application fee of 10 cents for all applicants who are not public assistance recipients. The department shall adopt rules to provide for the recovery of administrative costs, including the application fee, from the obligor. The obligor is responsible for all administrative costs. If the administrative costs cannot be recovered from the obligor, the obligee is responsible.
[2] The former husband also argues that expansion of HRS legal counsel to such cases would violate the intent of the child support legislation by adding to the tax burden of the general public. This argument is without merit, however, section 409.2567 expressly authorizes HRS to recover its costs from the obligor or the obligee.
[3] The intent of the child support enforcement program is set out in Section 409.2551, Florida Statutes (1987):

Common-law and statutory procedures governing the remedies for enforcement of support for financially dependent children by persons responsible for their support have not proven sufficiently effective or efficient to cope with the increasing incidence of financial dependency. The increasing workload of courts, prosecuting attorneys, and the Attorney General has resulted in a growing burden on the financial resources of the state, which is constrained to provide public assistance for basic maintenance requirements when parents fail to meet their primary obligations. The state, therefore, exercising its police and sovereign powers, declares that the common-law and statutory remedies pertaining to family desertion and nonsupport of dependent children shall be augmented by additional remedies directed to the resources of the responsible parents. In order to render resources more immediately available to meet the needs of dependent children, it is the legislative intent that the remedies provided herein are in addition to, and not in lieu of, existing remedies. It is declared to be the public policy of this state that this act be construed and administered to the end that children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs. [Emphasis added].