HARRIS, Judge.
The former husband, Phillip R. Turner, appeals and the former wife, Sue Lane Turner, cross-appeals from an order establishing child support arrearage. The former wife additionally cross-appeals from an order denying her recovery based on the loss of value of the use of the marital home.
The parties were married in 1958 and had two children, ages 16 and 12 at the time of their divorce in 1976. In their final judgment it was provided that the father would pay “... the sum of $40.00 per week as and for support and maintenance of the minor children ... until the children shall attain their majority ...” The final judgment also gave the mother “the right to reside exclusively in the home ... until the minor children of the parties shall reach majority ...” Unfortunately, almost immediately after the final judgment, the marital residence was destroyed by fire.
In February, 1978, the wife sought to modify the final judgment to get additional support because of the loss of use of the marital home. This claim was resolved by a stipulation in which it was agreed that the parties would put the house on the market and the proceeds distributed either as the parties agreed or as the court ordered.
Because of the fire, the parties received insurance proceeds and the wife received approximately $10,000 from these proceeds. In addition, she received $28,800 as her share of the proceeds from the sale of the marital residence in December, 1983.
In June, 1983 the wife again petitioned the court for relief because of the husband’s failure to provide the marital residence “or its monetary equivalent”. She also sought a judgment for child support arrearage although both children, by this time, were adults.[1] The husband defended against her claim for loss of use of the residence on the basis of estoppel and lach-es. The trial court denied the wife’s claim for damages for her loss of use of the residence because she failed to prove the amount of damages suffered. It is clear from the record that the trial judge would have denied recovery in any event “based on the financial transactions that [had] gone on between the parties ...”
We agree that the wife by accepting insurance proceeds from the damage to the residence, by settling her initial claim to amend the final judgment because of her loss of the use of the residence, by stipulating to sell the property and divide the proceeds and by accepting in excess of $28,000 from the sale of the property is now es-topped to again make this claim. We affirm the denial of this claim.
In determining the amount of child support arrearage the trial court adjusted a unitary award for two children by reducing it by one half once the older child reached majority. This is contrary to Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA *1387 1986), and the issue of arrearage is returned to the trial court for reconsideration.
AFFIRMED in part; REMANDED for reconsideration of child support arrearage.
DAUKSCH and SHARP, JJ., concur.

. Because she was seeking a judgment for ar-rearages accruing prior to emancipation, this is not precluded by Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982).