559 So.2d 626 (1990)
Mary Louise THAYSEN, Petitioner,
v.
Donald J. THAYSEN, Respondent.
Nos. 89-1163, 89-1503.
District Court of Appeal of Florida, Third District.
February 13, 1990.
Rehearing Denied May 8, 1990.
Melvin A. Rubin, for petitioner.
Daniel W. Mones and Frank M. Marks, for respondent.
Before HUBBART, NESBITT and LEVY, JJ.
LEVY, Judge.
In April of 1986, the parties herein had their marriage dissolved by virtue of the entry of a Final Judgment of Dissolution of Marriage. The Final Judgment, which adopted a property settlement agreement, directed that the parties' marital residence be sold at a later date. The sale of this property was closed in September of 1988, with the former wife [Petitioner] receiving proceeds from the sale in excess of $100,000.00 in cash.
In March of 1989, acting through the State Attorney of the Eleventh Judicial Circuit of Florida, the former wife petitioned the trial court for an increase of child support, alleging, inter alia, that "the State of Florida, Department of Health and Rehabilitative Services, Office of Child Support Enforcement..." was a party to the action.
The former husband [Respondent] responded to the petition and filed affirmative defenses, including an allegation that he was current in his support payments. The former husband moved to dismiss the former wife's petition for modification arguing that the former wife had failed to allege why the State Attorney's Office should be involved in a private, civil matter. The former husband's Motion to Dismiss further pointed out that the Petition for Modification failed to allege, with specificity, allegations of any substantial change in the circumstances of the parties.
The trial court granted respondent's Motion to Disqualify the State Attorney.
The petitioner argues that the State of Florida, Department of Health and Rehabilitative Services [Department] is statutorily authorized and required, to represent the petitioner herein. Petitioner further points out that the said Department of Health and Rehabilitative Services has contracted with the State Attorney's Office to have the State Attorney's Office provide the personnel to represent the Department in this case as well as the other cases where the Department enters an appearance in connection with a case where one parent is seeking to enforce court-ordered support.
The parties herein agree that the respondent is completely current in making all of his court-ordered child support payments and, furthermore, that the case before us solely involves the petitioner's request that the trial court modify the court-ordered child support so as to increase the amount *627 of support that the respondent is ordered to pay.
In view of the foregoing, the trial judge was eminently correct in entering the order disqualifying the State Attorney, acting on behalf of the Department, from representing the petitioner.
Section 409.2551, Florida Statutes (1987) specifically points out that it is the intent of the Legislature to have the new provisions contained within Chapter 409 apply to cases involving "... family desertion and non-support of dependent children ...". A petition to increase existing child support, where the payor of the existing support is completely current in his payments, is not "enforcement of support". Accordingly, neither the State Attorney's Office nor the Department has standing to participate in such a case, since the children in such cases are not "deserted" or "non-supported".
The legislative intent, contained within Section 409.2551, makes it clear that the statutory language in question was added to Florida law to assist in the "... enforcement of support ..." in cases involving the above referred to "... family desertion and non-support of dependent children ..." where the payor is not current in making court ordered child support payments. It does not appear to have been the intent of the Legislature to either burden the already over-burdened Department of Health and Rehabilitative Services or to deplete the personnel resources of the State Attorney's Office by requiring either, or both, of them to replace the use of privately retained counsel in civil proceedings that are private in nature, and which do not involve any allegations of child neglect, desertion, abandonment, or non-support.
We recognize that this decision is in conflict with Wilkerson v. Coggin, 552 So.2d 348 (Fla. 5th DCA 1989), wherein the Fifth District Court of Appeal interpreted "support enforcement" as including a proceeding seeking to increase the child support obligations of the payor.
Certiorari denied.