564 So.2d 243 (1990)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Etc., Appellant,
v.
Melvin BLUE, Appellee.
No. 89-945.
District Court of Appeal of Florida, Fifth District.
July 19, 1990.
*244 Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant.
No appearance for appellee.
PETERSON, Judge.
The issue in this case is whether the Florida Department of Health and Rehabilitative Services (H.R.S.) has authority to intervene on behalf of a mother residing in Florida in her intrastate action to collect child support arrearages for a minor who has reached majority. The trial court found that no authority exists for the intervention, dismissed the complaint, and awarded attorneys' fees to the father. H.R.S. appeals the order entered subsequent to the final judgment of dissolution that awarded child support. We reverse.
The first sentence of section 409.2567, Florida Statutes (1987), reads: "All support enforcement and paternity determination services provided by the Department shall be made available on behalf of all dependent children." This mandate requires H.R.S. to provide services to persons not receiving governmental subsidies. This social policy was imposed upon the states by Congress under title 42, United States Code, section 654(6)(A), and it is not open for debate other than that which is philosophical, notwithstanding that the effect is to require H.R.S. to provide legal services to persons who do not receive government aid.[1] The constitutionality of the Florida statute withstood attack in Department of Health and Rehabilitative Services v. Heffler, 382 So.2d 301 (Fla. 1980). This court broadly interpreted section 409.2567 to permit H.R.S. to proceed on behalf of a wife, who was not a recipient of government aid), to seek modification of child support previously agreed to by the parties and approved by the court. Wilkinson v. Coggin, 552 So.2d 348 (Fla. 5th DCA 1989); but see, Thaysen v. Thaysen, 559 So.2d 626 (Fla. 3d DCA 1990).
Generally, custodial parents are entitled to judgments for pre-majority arrearages. Friedman v. Friedman, 508 So.2d 781 (Fla. 4th DCA 1987); Newman v. Newman, 459 So.2d 1129 (Fla. 3d DCA 1984), review denied, 466 So.2d 218 (Fla. 1985).[2] Under the Uniform Reciprocal Enforcement of Support Act, which concerns interstate support collections, the Florida legislature has established a policy of providing H.R.S. services "to collect child support arrearages after the child is no longer dependent." Parrish v. Dep't of Health & Rehabilitative Services, 525 So.2d 1029 (Fla. 5th DCA 1988); Dep't of Health & Rehabilitative Services v. Bachtal, 517 So.2d 787 (Fla. 2d DCA 1988); § 88.012, Fla. Stat. (1987). Since section 409.2567 provides that all H.R.S. support enforcement services shall be made available to all dependent children, we think that the legislature intended to require H.R.S. to provide post-majority enforcement of pre-majority arrearages in intrastate situations, as well as in interstate situations. We recognize that a post-majority collection of a pre-majority arrearage takes place at a time when the child is no longer dependent. However, requiring H.R.S. to collect arrearages after the child reaches majority inures to the benefit of the child while it is still a minor and dependent. The requirement removes any incentive the noncustodial parent may have to withhold support payments in the hope that the child reaches its majority before H.R.S. institutes enforcement proceedings. Finally, we have noted that Chapter 88 requires H.R.S. to enforce pre-majority *245 support obligations for out-of-state children who have reached majority. We think that section 409.2567 requires H.R.S. to do as much for Florida children.
The trial court's order in this case denied H.R.S. access to the circuit court for the purpose of enforcing the arrearages, awarded attorneys' fees pursuant to section 57.105, Florida Statutes, to the father alleged to be delinquent in support payments, and ruled that all other defense motions were moot. We reverse all provisions of the order and remand for further proceedings, including consideration of the defense motions other than the right of representation by H.R.S.
REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] The circumstances that existed prior to the adoption of the statute and the reasons for its adoption are reviewed in Carter v. Morrow, 562 F. Supp. 311 (W.D.N.C. 1983), and in "Congress Demands Stricter Child-Support Enforcement: Florida Requires Major Reforms to Comply," 10 Nova L.J. 1371 (1982).
[2] We are aware of our opinion in Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982), review denied, 426 So.2d 25 (Fla. 1983), which at first reading may lead one to conclude that a conflict exists with our sister courts. As we noted in Turner v. Turner, 553 So.2d 1385 (Fla. 5th DCA 1990), however, the arrearages in controversy in Cronebaugh were those accruing after the child reached 18 years, or post-majority rather than pre-majority arrearages.