570 So.2d 1089 (1990)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Joan G. Savage, Jill Bernadette Karcher, Mary Gibbons, Petitioners,
v.
Henry Ben SAVAGE, Mark Evans Karcher, Jr., & Gary Gibbons, Respondents.
No. 90-2655 to 90-2657.
District Court of Appeal of Florida, First District.
December 4, 1990.
*1090 Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., and Chriss Walker, Dept. of HRS, Tallahassee, for petitioners.
N. Edward Oramas, McClellan and House, Panama City, for respondents.
PER CURIAM.
Petitioners seek to quash the dismissal of citations of contempt in child support arrearage enforcement proceedings involving three divorced couples.[1] The former wives contend that the trial court departed from the essential requirements of law by ruling that the Department of Health and Rehabilitative Services (Department) lacked standing to represent obligees who do not receive public assistance. We agree and accordingly grant the petitions for certiorari, quash the orders dismissing the contempt citations and remand.
Section 409.2551 provides in pertinent part:
[N]onsupport of dependent children shall be augmented by additional remedies directed to the resources of the responsible parents. In order to render resources more immediately available to meet the needs of dependent children, it is the legislative intent that the remedies provided herein are in addition to, and not in lieu of, existing remedies. It is declared to be the public policy of this state that this act be construed and administered to the end that children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.
Section 409.2554(2) provides in pertinent part (emphasis added):
"Dependent child" means any unemancipated person under the age of 18, any person under the age of 21 and still in school, or any person who is mentally or physically incapacitated when such incapacity began prior to such person reaching the age of 18.
Section 409.2564(1) provides in pertinent part (emphasis added):
[T]he department shall institute, within 30 days after determination of the obligor's reasonable ability to pay, action as is necessary to secure the obligor's payment of current support and any arrearage which may have accrued under an existing order of support.
Section 409.2567 provides in pertinent part (emphasis added):

All support and paternity determination services provided by the department shall be made available on behalf of all dependent children.

As petitioners assert, Florida law directly conforms with federal mandates found in Title IV-D of the Social Security Act. The statutes cited above clearly and unambiguously express the Florida Legislature's intent that the Department pursue support payments from obligors in arrears in all cases involving dependent children, notwithstanding whether they are receiving public assistance. The petitioners' interpretation of Florida law is supported by Department of Health and Rehabilitative Services v. Heffler, 382 So.2d 301 (Fla. 1980), and Department of Health and Rehabilitative Services v. Blue, 564 So.2d 243 (Fla. 5th DCA 1990).
In Heffler, the supreme court quashed an order finding the Department's provision of paternity determination services to persons not receiving governmental subsidies (i.e. free counsel) to be a denial of equal protection of the law. The court found section 409.2567 constitutional, citing the statute's purpose to maintain children "from the resources of responsible parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through *1091 public assistance programs." 382 So.2d at 302. The court noted that the legislature passed sections 409.2551-409.2597 in order to receive federal aid to families with dependent children (AFDC) funds, and that the pertinent language of section 409.2567 comes directly from the federal statute. Id.
In Blue, the district court reversed an order denying the Department's motion to intervene on behalf of a former wife in an action to collect child support arrearages, observing:
Since section 409.2567 provides that all H.R.S. support enforcement services shall be made available to all dependent children, we think that the legislature intended to require H.R.S. to provide post-majority enforcement of pre-majority arrearages in intrastate situations, as well as in interstate situations.
564 So.2d at 244.
The petitions for writ of certiorari are GRANTED. The orders dismissing the citations of contempt are QUASHED and the cases are REMANDED for further proceedings.
ERVIN, WIGGINTON and MINER, JJ., concur.
NOTES
[1] This court consolidated the three petitions for writs of certiorari and ordered the respondents to show cause why the petitions should not be granted. No responses were filed.