WARNER, Judge,
dissenting.
The Department of Health and Rehabilitative Services (HRS), petitions this court to grant its petition for writ of certiorari to the circuit court to quash an order of that court granting a former husband’s motion to dismiss a petition for modification of child support filed by HRS on behalf of the former wife. The husband contended that HRS was statutorily disqualified from pursuing the petition. I would grant the petition and quash the order.[1]
In the instant case HRS filed the petition for modification for an increase in child support payments from the former husband. The husband contends that since the wife is not receiving public assistance, HRS did not have the authority to contract with her to bring modification proceedings at state expense. He claims that the legislature never intended to allow HRS such authority, and he points to the legislative intent expressed in section 409.2551, Florida Statutes (1989), and interpreted by Thaysen v. Thaysen, 559 So.2d 626 (Fla. 3d DCA 1990). In Thaysen the court stated that:
*187 Section 409.2551, Florida Statutes (1989) “specifically points out that it is the intent of the Legislature to have the new provisions contained within Chapter 409 apply to cases involving “... family desertion and non-support of dependent children....” A petition to increase existing support where the payor of the existing support is completely current in his payments, is not “enforcement of support.”
Therefore, the Third District concluded that HRS could not act as a representative of a parent in proceedings which do not involve any allegations of child neglect, desertion, abandonment, or nonsupport.
I disagree with the interpretation advanced in Thaysen. Section 409.2551 in its entirety provides:
Legislative intent. Common-law and statutory procedures governing the remedies for enforcement of support for financially dependent children by persons responsible for their support have not proven sufficiently effective or efficient to cope with the increasing incidence of financial dependency. The increasing workload of courts, prosecuting attorneys, and the Attorney General has resulted in a growing burden on the financial resources of the state, which is constrained to provide public assistance for basic maintenance requirements when parents fail to meet their primary obligations. The state, therefore, exercising its police and sovereign powers, declares that the common-law and statutory remedies pertaining to family desertion and nonsupport of dependent children shall be augmented by additional remedies directed to the resources of the responsible parents. In order to render resources more immediately available to meet needs of dependent children, it is the legislative intent that the remedies provided herein are in addition to, and not in lieu of, existing remedies. It is declared to be the public policy of this state that this act be construed and administered to the end that children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.
The statute must be construed in its entirety and as a whole. Florida Jai Alai, Inc. v. Lake Howell Water & Reclamation Dist., 274 So.2d 522 (Fla.1973). And any uncertainty should be resolved by an interpretation that best accords with the public benefit. Devin v. City of Hollywood, 351 So.2d 1022 (Fla. 4th DCA 1976). The statute clearly sets forth the public policy of the state that the act “be construed and administered to the end that children shall be maintained from the resources of responsible parents.” While there is no doubt that the legislative intent is to augment the remedies for support enforcement cases where no support is being paid, I see no conflict in applying its provisions where such support is inadequate to meet the needs of the children. This broader view was taken by the Fifth District in Wilkinson v. Coggin, 552 So.2d 348 (Fla. 5th DCA 1989), where that court interpreted “support enforcement” as referring to the “enforcement of the noncustodial parent’s general obligation of support ... [which] ... encompasses the obligation to modify the amount of support upon a showing of change in need and ability to pay.” Wilkinson, 552 So.2d at 349.
In further support of this construction is the amendment to section 409.2567, Florida Statutes (1987) in 1988. Formerly, that statute read:
All support enforcement and paternity determination services provided by the department shall be made available on behalf of all dependent children (emphasis added).
Chapter 88-176 amended that sentence to remove the word “enforcement” so that the statute now states:
All support and paternity determination services provided by the department shall be made available on behalf of all dependent children.[2] *188 Thus, the statute now requires that all support services provided by HRS must be made available to non-welfare families. I think this amendment clearly announces the legislative intent that the Department has authority to apply for modification in this case as it would in cases where the custodial parent were receiving public assistance. See section 409.2561(1), Florida Statutes (1989).
. I would thus grant the petition and quash the order of the trial court and remand this case for further proceedings. The majority opinion notes that the Supreme Court has granted review to resolve the conflict between Thaysen and Wilkinson. I would hope that the review would encompass an analysis of the issues in light of the 1988 amendment to section 409.2567, Florida Statutes, which was not considered in either opinion.

. Certiorari is appropriate in this instance where the trial court’s order disqualifies HRS to act as the representative of the wife. Cf. Ocean Club Condo Ass'n v. Estate of Daly, 504 So.2d 1377 (Fla. 4th DCA 1987) (certiorari is appropriate method to review orders which improperly disqualify counsel.)

. Dependent children are defined in section 409.2554, Florida Statutes, as "any unemanci-pated person under the age of 18, any person under the age of 21 and still in school or any *188 person who is mentally or physically incapacitated when such incapacity began prior to such person reaching the age of 18.”