PER CURIAM.
Petitioners seek review of an order of the circuit court which held that Ms. Saba-tino is not entitled to be represented by the Department of Health and Rehabilitative Services. We originally denied the petition on October 2, 1990, but withdrew that order upon consideration of petitioners’ motion for rehearing and directed respondent to show cause why relief should not be granted. No response has been filed and we grant the petition.
In 1989 Deborah Sabatino obtained a judgment against Ronald Nadeau in the amount $4685 for child support arrearages. As Ms. Sabatino is and remains a resident of Connecticut, she was represented in the Bay County Circuit Court by the Department of Health and Rehabilitative Services (HRS) in accordance with the Revised Uniform Reciprocal Enforcement of Support Act (URESA), chapter 88, Florida Statutes. Thereafter Mr. Nadeau filed a petition wherein he sought to establish the Connecticut divorce decree as a Florida order and a reduction in his periodic child support obligation. HRS filed a motion which sought a disposition of the question of the agency’s standing to represent Ms. Sabatino in the proceeding. The Honorable Clinton Foster, Circuit Judge, denied the motion, finding Ms. Sabatino is not receiving welfare benefits and the State of Florida was therefore attempting to impermissibly provide her with free legal services.
HRS and Ms. Sabatino petitioned this court for a writ of certiorari to review that order, contending that it is a departure from the essential requirements of law. They showed first that the proceedings in the Bay County Circuit Court commenced as a URESA action and sought in part to modify the order to which HRS was a party. Petitioners main argument, however, focuses on several provisions of chapter 409, Florida Statutes. Section 409.2567 provides:
All support and paternity determination services provided by the department shall be made available on behalf of all dependent children. Services shall be provided upon acceptance of public assistance or upon proper application filed with the department. The state shall pay an application fee of 1 cent for each applicant who is not a public assistance recipient. The department shall adopt rules to provide for the recovery of administrative costs, including the application fee, from the obligor. The obligor is responsible for all administrative costs. The court shall order payment of administrative costs without requiring the department to have a member of the bar testify or submit an affidavit as to the reasonableness of the costs.
Petitioners argued that the statute was found to allow HRS to appear on behalf of petitioners in child support collection and paternity determination actions where the complainant is not receiving governmental subsidies, and that the statute was not violative of constitutional guarantees of equal protection of the laws. Department of Health and Rehabilitative Services v. Heffler, 382 So.2d 301 (Fla.1980). Petitioners also relied on Wilkinson v. Coggin, 552 So.2d 348 (Fla. 5th DCA 1989), where it was found that HRS was authorized to appear on behalf of a party who was not receiving public assistance and who was petitioning the circuit court for an increase in child support payments. A contrary result was reached in Thaysen v. Thaysen, 559 So.2d 626 (Fla. 3d DCA 1990).
In our order of October 2, 1990, we rejected petitioners’ claims because we found no statutory authority for HRS to appear on behalf of a party defending against a separate petition seeking a reduction in periodic child support payments. In their motion for rehearing, however, petitioners drew our attention to section 409.2561(2)(a), which provides:
By accepting public assistance, the recipient assigns to the department any right, title, and interest to support the recipient may be owed:
*1174 1. From any other person up to the amount of public assistance paid where no court order has been entered, or where there is a court order it is limited to the amount provided by such court order;
2. On his own behalf or in behalf of another family member for whom the recipient is receiving assistance; and
3. At the time that the assignment becomes effective by operation of law.
Petitioners argue that the language of assignment contained in the statute is sufficiently broad to authorize it to appear on behalf of a public assistance recipient in defending against a petition for reduction in child support, and we agree. That being so, HRS can appear on behalf of Ms. Saba-tino in the lower court proceedings pursuant to section 409.2567, see State, Department of Health and Rehabilitative Services v. Savage, 570 So.2d 1089 (Fla. 1st DCA 1990).
The petition for writ of certiorari is accordingly granted and the trial court’s order which denied HRS’s request to appear on behalf of Ms. Sabatino is quashed.
IT IS SO ORDERED.
SHIVERS, C.J., and JOANOS and ZEHMER, JJ., concur.