BARFIELD, Judge.
The Department of Health and Rehabilitative Services (HRS) and the former wife, Edna Newsome, appeal the trial court’s ruling that HRS has no standing to represent Newsome in an action to modify the final judgment of dissolution to “set an amount of child support for the benefit of the minor child” and require the former husband, Zackie Harris, to furnish the child with health insurance. The trial court based its ruling on its finding that “the Plaintiff is not receiving welfare benefits from the State of Florida and the Department of Health and Rehabilitative Services is only furnishing legal counsel.” We reverse.
Appellants assert the trial court erred in ruling that HRS does not have standing to represent a welfare nonrecipient in a child support modification action, arguing that Thaysen v. Thaysen, 559 So.2d 626 (Fla. 3d DCA 1990), review granted, 570 So.2d 1306 (Fla.1990) (No. 76,136), which supports the ruling, “is too restrictive in its interpretation of chapter 409.” They also assert Thaysen is inapplicable to this case because here, “there is no existing child support order. As such, the child is not being supported by the father in accordance with his moral and legal obligations to provide support.”
Appellants rely on Wilkinson v. Coggin, 552 So.2d 348 (Fla. 5th DCA 1989), which they assert “broadly interprets the concept of support enforcement as used in section 409.2567, as referring to a noncustodial parent’s general obligation of support.” They contend that chapter 409, Florida Statutes, authorizes HRS “to proceed with the establishment of support through modification proceedings on behalf of all persons, including welfare nonrecipients.”
As noted in this court’s recent opinion in State, Department of Health and Rehabilitative Services v. Savage, 570 So.2d 1089 (Fla. 1st DCA 1990), Florida courts have ruled that HRS may provide legal services to welfare nonrecipients in paternity deter *727 mination proceedings, State, Department of Health and Rehabilitative Services v. Heffler, 382 So.2d 301 (Fla.1980), and in child support enforcement proceedings, State, Department of Health and Rehabilitative Services v. Blue, 564 So.2d 243 (Fla. 5th DCA 1990). Thaysen and Wilkinson are in conflict over whether HRS also has the authority under chapter 409 to represent a welfare nonrecipient obligee seeking modification of the child support obligation when the obligor is current in child support payments.[1] Thaysen and Wilkinson both construed the 1987 version of section 409.-2567, Florida Statutes:
Services to individuals not otherwise eligible. — All support enforcement and paternity determination services provided by the department shall be made available on behalf of all dependent children. Services shall be provided upon acceptance of public assistance or upon proper application filed with the department. The state shall pay an application fee of 10 cents for all applicants who are not public assistance recipients. The department shall adopt rules to provide for the recovery of administrative costs, including the application fee, from the obligor. The obligor is responsible for all administrative costs. If the administrative costs cannot be recovered from the obligor, the obligee is responsible.
The Third and Fifth Districts apparently differed on the meaning of the phrase “support enforcement” in the first sentence of the statute. However, the statute was amended in 1988, deleting “enforcement” from that phrase, changing the application fee to one cent for each applicant who is not a public assistance recipient, providing that the department would not be required to have a member of the bar testify or submit an affidavit as to the reasonableness of the administrative costs to be recovered from the obligor, and omitting the provision for recovery of administrative costs from the obligee.[2] Chapter 88-176, section 12, Laws of Florida.
The question here is whether HRS has the authority to represent a welfare nonre-cipient in an action to establish a child support obligation when the dissolution final judgment did not so provide. Reading the pertinent sections of chapter 409 in pari materia, especially taking into account the amendment to section 409.2567, we are inclined to follow Wilkinson’s construction of the statute and to find that HRS has the authority to represent welfare nonrecipients in all support proceedings in which it has the authority to represent similarly situated welfare recipients.[3] However, we certify the question to the Florida Supreme Court, which is presently reviewing the conflict between Thaysen and Wilkinson, as a matter of great public importance.
REVERSED and REMANDED for further proceedings.
SMITH and WOLF, JJ., concur.

. See State, Department of Health and Rehabilitative Services v. Branchaud, 574 So.2d 185 (Fla. 4th DCA 1991), which discusses this conflict.

. Section 409.2554(11) defines "administrative costs” to include attorney fees.

.The purpose of chapter 409 is facilitated by the assistance of federal funding, which requires the adoption of a state plan. The relevant provisions of federal law lend support to the construction we place on chapter 409. 42 U.S.C.A. §§ 601, 602(a)(26)(B), 606(a), 654(6)(A), 656, 659, and 662(b).