583 So.2d 663 (1991)
Mary Louise THAYSEN, Petitioner,
v.
Donald J. THAYSEN, Respondent.
No. 76136.
Supreme Court of Florida.
July 3, 1991.
*664 Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., and Chriss Walker, Dept. of Health and Rehabilitative Services, Tallahassee, for petitioner.
Donald J. Thaysen, in pro. per.
McDONALD, Justice.
We review Thaysen v. Thaysen, 559 So.2d 626 (Fla. 3d DCA 1990), because of conflict with Wilkinson v. Coggin, 552 So.2d 348 (Fla. 5th DCA 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Thaysen held that the Florida Department of Health and Rehabilitative Services (HRS) could not represent custodial parents not receiving welfare benefits in child support modification proceedings; Wilkinson held the opposite. Although we approve the result reached in Thaysen, i.e., dismissal of the modification petition, we quash the opinion under review and approve Wilkinson.[1]
The Thaysens were divorced in 1986 with the wife being given "residential parental responsibility" for the couple's minor daughter and with the husband being directed to pay $50 per week as support for the child as well as being made "responsible for the child's clothing, medical bills (agrees to maintain medical insurance for said child) and schooling (including 4 years of college education)." Three years later the local state attorney filed a petition on behalf of the wife and child seeking modification of the amount of child support.[2] The petition consisted of a preprinted form and contained the following provision: "4. There has been a substantial change in circumstances in that:" with "Mary L. Thaysen need increase for Child Clothing" typewritten into the blank space provided on the form.[3] In answer to the petition the husband claimed that he was current in making support payments and questioned the propriety of a state/public employee representing a private party. He moved to dismiss the petition "for failure of Petitioner to allege with any specificity why or for what purpose the State Attorney is claiming more support for a purely private, civil matter, and the Petition is completely void of the required specificity as to allegations of any substantial change in circumstances of the parties." The trial court held that the state attorney, and, thus, HRS, could not represent a private citizen in an action to modify child support and dismissed the modification petition.
On appeal the district court looked at section 409.2551, Florida Statutes (1987),[4] *665 and held that "enforcement of support" did not include increasing existing child support. Consequently, it stated:
It does not appear to have been the intent of the Legislature to either burden the already over-burdened Department of Health and Rehabilitative Services or to deplete the personnel resources of the State Attorney's Office by requiring either, or both, of them to replace the use of privately retained counsel in civil proceedings that are private in nature, and which do not involve any allegations of child neglect, desertion, abandonment, or nonsupport.
559 So.2d at 627.
The fifth district, on the other hand, held that HRS has the authority to represent custodial parents who do not receive public assistance in support modification proceedings and stated:
The general obligation of support encompasses the obligation to modify the amount of support upon a showing of change in need and ability to pay. This broader interpretation is entirely consistent with the intent of Florida's child support enforcement law, i.e., that children shall be maintained from the resources of their parents. Our reading of the statute [section 409.2567] assumes its application will conform to the congressional mandate requiring states to make available to non-AFDC recipients all the same services afforded to welfare recipients.
Wilkinson, 552 So.2d at 349-50 (citation, footnote omitted).
Wilkinson interpreted section 409.2567, Florida Statutes (1987),[5] which now reads:
409.2567 Services to individuals not otherwise eligible.  All support and paternity determination services provided by the department shall be made available on behalf of all dependent children. Services shall be provided upon acceptance of public assistance or upon proper application filed with the department. The state shall pay an application fee of 1 cent for each applicant who is not a public assistance recipient. The department shall adopt rules to provide for the recovery of administrative costs, including the application fee, from the obligor. The obligor is responsible for all administrative costs. The court shall order payment of administrative costs without requiring the department to have a member of the bar testify or submit an affidavit as to the reasonableness of the costs.
(Emphasis added.) Although the state attorney raised the applicability of section 409.2567, both the trial court and the district court ignored that section in making their decisions. Section 409.2567, however, is an integral part of the state's child support program.
Subchapter IV, part D of the Social Security Act, 42 U.S.C. §§ 651-669 (1988), deals with child support and the establishment of paternity. Title IV-D creates a federal/state partnership to establish and enforce child support, in which Florida participates.[6] §§ 409.2551-.2597, Fla. Stat. (1989). To receive federal moneys, states must adopt plans for child support and paternity determination that comply with federal legislation, including 42 U.S.C. § 654 which provides in pertinent part that a state plan must "(6) provide that (A) the *666 child support collection or paternity determination services established under the plan shall be made available to any individual not otherwise eligible for such services upon application filed by such individual with the State." In 1984 Congress amended 42 U.S.C. § 651 to make clear its "intent that the Administration and the States fully implement the provision in present law [42 U.S.C. § 654 (6)(A)] that requires the States to make available to non-AFDC families the services that are provided under the State program for AFDC families." S.Rep. No. 98-387, 98th Cong., 2d Sess. 4, reprinted in 1984 U.S.Code Cong. & Admin. News 2397, 2419.
Thus, states must provide to families not receiving public assistance all of the services provided to families that do receive public assistance.[7] Subsection 409.2561(1) provides, in part: "The department may apply for modification of a court order on the same grounds as either party to the cause and shall have the right to settle and compromise actions brought pursuant to law." Therefore, contrary to the district court's reasoning in Thaysen, the legislature, by entering into an agreement with the federal government and by enacting section 409.2567, meant that public attorneys can be used in all child support proceedings, including modifications.[8]
Holding that HRS must provide attorneys in child support proceedings, including requests for modification, however, does not completely dispose of the instant case. Subsection 61.13(1)(a), Florida Statutes (1989), provides that child support payments may be modified when "in the best interests of the child, when the child reaches majority, or when there is a substantial change in the circumstances of the parties." See Clark v. Render, 530 So.2d 437, 439 (Fla. 3d DCA 1988) ("where the financial situation of both parents has improved, it is not only the custodial parent who must bear the responsibility to meet the increased needs of the child"). It is improper, however, for attorneys to bring unwarranted or frivolous claims. See Sanchez v. Sanchez, 435 So.2d 347 (Fla. 3d DCA 1983). This constraint extends to public attorneys and child support proceedings. § 409.2561(1) (HRS "may," not "shall," bring modification proceedings); 45 C.F.R. § 303.2(b) (1990) (IV-D agencies must determine appropriate action based on assessment of individual cases). In the instant case the petition for modification is woefully insufficient to support a claim for modification.[9] The state attorney, therefore, should have not brought this claim and, once brought, it should have been dismissed. Therefore, although we quash Thaysen, we approve the result reached in this case.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We also approve State, Dep't of Health & Rehabilitative Servs. v. Harris, 575 So.2d 726 (Fla. 1st DCA 1991), which certified the issue raised in Thaysen v. Thaysen, 559 So.2d 626 (Fla. 3d DCA 1990), as a matter of great public importance, and State, Dep't of Health & Rehabilitative Servs. v. Nadeau, 574 So.2d 1172 (Fla. 1st DCA 1991), in which the district court held that HRS could represent a nonwelfare-receiving custodial parent in defending against a noncustodial parent's request for reduction of child support. We disapprove State ex rel. Branchaud v. Branchaud, 574 So.2d 185 (Fla. 4th DCA 1991), which followed, and reached the same result as, Thaysen.
[2] HRS may contract with public and private attorneys to handle child support proceedings. See § 409.2554(8), Fla. Stat. (1989).
[3] The form ends with an undecipherable signature over the printed words: "Legal Counsel Child Support Enforcement."
[4] This section reads as follows:

409.2551 Legislative intent.  Common-law and statutory procedures governing the remedies for enforcement of support for financially dependent children by persons responsible for their support have not proven sufficiently effective or efficient to cope with the increasing incidence of financial dependency. The increasing workload of courts, prosecuting attorneys, and the Attorney General has resulted in a growing burden on the financial resources of the state, which is constrained to provide public assistance for basic maintenance requirements when parents fail to meet their primary obligations. The state, therefore, exercising its police and sovereign powers, declares that the common-law and statutory remedies pertaining to family desertion and nonsupport of dependent children shall be augmented by additional remedies directed to the resources of the responsible parents. In order to render resources more immediately available to meet the needs of dependent children, it is the legislative intent that the remedies provided herein are in addition to, and not in lieu of, existing remedies. It is declared to be the public policy of this state that this act be construed and administered to the end that children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.
[5] The 1987 statute contained the words "support enforcement and paternity determination services" in the first sentence. The legislature deleted the word "enforcement" in 1988. Ch. 88-176, § 12, Laws of Fla. The court's analysis and reasoning in Wilkinson v. Coggin, 552 So.2d 348 (Fla. 5th DCA 1989), are still valid regardless of the 1988 amendment.
[6] For short histories of child support and legislation dealing with child support, see Note, Congress Demands Stricter Child Support Enforcement, 10 Nova L.J. 1371 (1986); Florida Governor's Comm'n on Child Support, Final Report (1985).
[7] Other jurisdictions have reached the same conclusion. E.g., Carter v. Morrow, 562 F. Supp. 311 (W.D.N.C. 1983); Worth v. Superior Court, 207 Cal. App.3d 1150, 255 Cal. Rptr. 304 (Ct.App. 1989); Krogstad v. Krogstad, 388 N.W.2d 376 (Minn. Ct. App. 1986); South Carolina Dep't of Social Servs. v. Deglman, 290 S.C. 542, 351 S.E.2d 864 (1986); State ex rel. Jeske v. Jeske, 144 Wis.2d 364, 424 N.W.2d 196 (1988). This Court has previously recognized that HRS can provide child support services to persons not on welfare. Department of Health & Rehabilitative Servs. v. Heffler, 382 So.2d 301 (Fla. 1980).
[8] It appears that the state does not lose money by providing public attorneys because it recovers more in administrative costs, which include attorneys' fees, than it spends. Florida Governor's Comm'n Report, supra n. 6 at 24-25, 67.
[9] The record does not contain the documentation required by Fla. Admin. Code rule 10C-25.0035(2)(a)(2), (4).