RYDER, Acting Chief Judge.
The State of Florida, Department of Health and Rehabilitative Services on behalf of Elizabeth Craft seeks review of the trial court’s order vacating a prior final judgment on the ground that HRS did not have the authority to represent Ms. Craft *504 because she was not a welfare recipient. We reverse.
Ms. Craft, former wife, contracted with HRS pursuant to section 409.2567, Florida Statutes (1989), to represent her in child support modification proceedings. HRS, on behalf of Ms. Craft, filed a petition to modify the final judgment of dissolution of marriage to increase child support. Ms. Craft was not receiving welfare benefits from the state.
The matter was heard before a hearing officer, and the findings and recommendations of the hearing officer increasing child support became a final judgment when signed by the trial court on January 8, 1991. Mr. Craft then moved to vacate the order and on February 27, 1991, the trial court entered its order vacating the final judgment of support holding that HRS did not have the authority to represent Ms. Craft because she was not a welfare recipient.
HRS appealed the trial court’s order, raising the single issue of whether HRS has the authority to represent persons who are not receiving welfare benefits. After HRS’ initial brief was filed, but prior to the filing of Mr. Craft’s answer brief, the Supreme Court of Florida decided a case in which it held that HRS has the authority to represent custodial parents who are not receiving welfare. See Thaysen v. Thaysen, 583 So.2d 663 (Fla.1991).
Mr. Craft, in his answer brief on appeal, concedes the issue raised in the initial brief and agrees that the trial court’s order must be reversed on that issue. However, in his answer brief, Mr. Craft also raises two additional issues not raised or addressed in the initial brief. No cross-appeal has been filed. The trial court has not had the opportunity to rule on the two issues raised by Mr. Craft. Accordingly, the two additional issues raised by Mr. Craft are hereby stricken. See Dober v. Worrell, 401 So.2d 1322 (Fla.1981). With regard to the issue raised on appeal, the case is reversed in accordance with Thaysen and remanded to the trial court for further proceedings consistent with this opinion. Because Mr. Craft did not have the benefit of the Thay-sen decision in the court below, he will have the opportunity to present further argument to the trial court on remand.
Reversed and remanded.
HALL and PATTERSON, JJ., concur.