ALLEN, Judge.
The Department of Health and Rehabilitative Services (HRS) and Penny Roscoe challenge an order dismissing their child support petition filed under the Revised Uniform Reciprocal Enforcement of Support Act (URESA). We conclude that the court should not have dismissed the petition merely upon the absence of a request for collection in accordance with section 652(b), 42 United States Code.
Section 88.031(10), Florida Statutes, authorizes HRS to act as the petitioner’s URESA representative “only in cases certified pursuant to Title IV-D of the Social Security Act.” The court construed this provision as empowering HRS to act only in connection with section 652(b), whereby the Secretary of Health and Human Services may certify a delinquent child support obligation for collection by the Secretary of the Treasury. However, section 652(b) certification is limited to a “delinquency under a court or administrative order,” when the state has made a diligent effort to collect. A URESA proceeding is a common method by which the state may establish and enforce an existing duty of support. See, e.g., Hodge v. Maith, 435 So.2d 387 (Fla. 5th DCA 1983). Requiring section 652(b) certification before HRS acts in a URESA proceeding might therefore preclude any action by HRS.
The legislative history of section 88.-031(10) suggests that the statute does not contemplate section 652(b) certification. The certification language in section 88.031(10) was adopted by the enactment of chapter 87-95, Laws of Florida, (which also amended section 88.345, Florida Statutes, with similar language). The House Committee Staff Analysis and Fiscal Note indicate that the legislature thereby intended for HRS to handle only those cases which are eligible for federal financial participation under Title IVD. A dispute arose below as to whether HRS could act even though Penny Roscoe has not received public assistance benefits. However, receipt of public assistance benefits is not an essential condition of eligibility for child support collection assistance under Title IV-D. See Thaysen v. Thaysen, 583 So.2d 663 (Fla.1991). Instead, section 654(6), 42 United States Code, indicates that such services must also be made available to other individuals upon proper application (with payment of an application fee). See also § 409.2567, Fla.Stat. Insofar as this is a Title IV-D obligation, federal financial participation is authorized by section 655, 42 United States Code.
While section 88.031(10) requires certification pursuant to Title IV-D, this does not necessitate section 652(b) certification for collection. Neither the express language of section 88.031(10) nor the apparent legislative concern for federal financial participation compels such a process. However, in disapproving the court’s construction of section 88.031(10), we do not approve the appellants’ contention that certification and transmittal of the URESA action by a foreign court under the laws of another state for filing in Florida will suffice. Section 88.031(10) authorizes the petitioner or private counsel to act in “non-IV-D cases,” thus anticipating that not all URESA proceedings will be within the ambit of Title IV-D, and certification for transmittal under the laws of another state (even when initiated and received by a Title IV-D agency) is not certification “pursuant to Title IV-D,” as section 88.031(10) requires.
Insofar as eligibility for federal financial participation was the concern which motivated the inclusion of a certification requirement in section 88.031(10), and such participation may ensue from a proper application, such application may bring a URESA petition within the ambit of Title IV-D and might *1113 arguably serve as a predicate for section 88.031(10) certification. But the posture of the present case does not warrant a definitive resolution of this question. The issue now before us is limited to whether the court erred in dismissing the appellants’ URESA petition due to the absence of section 652(b) certification for collection. Because section 652(b) certification for collection is not the certification pursuant to Title IV-D required by section 88.031(10), the appellants’ URESA petition should not have been dismissed on this basis.
The appealed order is reversed, and the cause is remanded.
BOOTH and BARFIELD, JJ., concur.