CABINET FOR HUMAN RESOURCES,
Appellant,

v.

John Edwards HOUCK and Sharon
Marie Houck, Appellees.

CABINET FOR HUMAN RESOURCES,
Appellant,

v.

Anthony Wayne EATON and Tina
Sue Eaton, Appellees.

CABINET FOR HUMAN RESOURCES,
Appellee,

v.

Mark Harmon PITTMAN and Cindy
Susan Pittman, Appellees.

Nos. 94–CA–2544–MR, 94–CA–2545–
MR and 94–CA–3049–MR.

Court of Appeals of Kentucky.

Oct. 27, 1995.

Patricia Van Houten, Steven L. Blank, Louisville, for Appellant.

No brief for appellees.

Before COMBS, GARDNER and GUDGEL, JJ.

GARDNER, Judge:

This is a consolidated appeal from three separate cases in Jefferson Circuit Court. The Commonwealth of Kentucky, Cabinet for Human Resources (the cabinet), appeals from orders in all three cases denying the cabinet's requests to intervene through the local county attorney's office for the purpose of providing child support services by seeking modifications of child support. After reviewing the record and the applicable law, this Court must reverse and remand the cases.

The United States Congress, as part D of Title IV of the Social Security Act (hereinafter referred to as IV–D services), provided for appropriations for the purposes of enforcing child support obligations, obtaining child and spousal support and assuring that assistance in obtaining support would be available to all children, whether or not eligible for aid to families with dependent children (AFDC). *See* 42 USC §§ 651 through 667. 42 USC § 666 provides that each state receiving allocations from the federal government must assemble a statewide plan for providing child support services for all children. The plan must include the periodic modification of prior child support orders to comply with child support guidelines.

The Kentucky General Assembly, in response to these federal directives, enacted KRS 205.710 through KRS 205.800. KRS 205.712 established the division of child support enforcement of the cabinet to administer Part D of Title IV of the Social Security Act. It provides that the cabinet may enter into arrangements with appropriate courts and law enforcement officials to assist the cabinet in administering child support recovery. Under this statute, the local county attorney shall be considered the designee of the cabi-

net for purposes of administering the program of child support recovery within a county. Under KRS 205.765, the cabinet or its designee may appear in any judicial proceeding on behalf of the dependent child in order to secure support for the child from his parent or parents.

We now turn to the facts of the cases at hand. In the case of *Eaton v. Eaton,* the parties were divorced in August 1986. Child support was first set at $50.00 per week, and the mother received custody. In December 1987, the court's order was modified to $107.50 bi-monthly. The mother applied for IV–D services in order to obtain an increase in child support and coverage of extraordinary medical expenses. The Jefferson County Attorney, Child Support Division, moved to intervene in the action pursuant to KRS 205.765 in order to obtain the increase. The circuit court denied the county attorney's motion.

In *Houck v. Houck,* the parties were divorced in September 1993. The father received primary custody of the child, and the parties agreed that the mother would not pay child support until she could provide for her financial needs. The father later applied for IV–D services in order to obtain an order for child support, wage assignment and health insurance. The county attorney filed a motion to intervene which was denied by the circuit court.

Finally, in *Pittman v. Pittman,* the parties were divorced in June 1992, and the father was awarded primary physical custody. Child support was set at $100 per month. In March 1993, the cabinet filed a notice of assignment or authority to collect, indicating that all child support payments were to be paid to the Jefferson County Attorney, Child Support Division. Thus, the father was either receiving AFDC or medical assistance. The county attorney moved to intervene pursuant to KRS 205.765 as the first step in obtaining an increase in child support; however, the circuit court denied the motion.

The cabinet has appealed from the circuit court's orders denying its motions to intervene in all three cases.[1]

The cabinet argues that IV–D services such as representation to seek modifications of child support orders are available to all children, and that as a result, the circuit court violated both state and federal law in prohibiting intervention into the parties' divorce actions. Additionally, it argues that the county attorney has state and federal authority to provide IV–D services, and that the county attorney may intervene as a matter of right in a divorce action in order to provide IV–D services. We agree that the trial court erred, and hence, must reverse.

As discussed earlier, 42 USC §§ 651 through 667 provide for appropriations to each state for child support services. In keeping with the mandate of 42 USC § 666 that each state receiving allocations establish a statewide plan for providing child support services, Kentucky's legislature passed KRS 205.710 through KRS 205.800. The cabinet, through the local county attorney, is empowered to provide child support services for both individuals receiving AFDC benefits and those not receiving such benefits. KRS 205.721(1). Under KRS 205.712(2), the duties of the division of child support of the cabinet or its designee, shall include seeking modification of child support obligations in accordance with the child support guidelines set out in KRS 403.212. Further, under KRS 205.765, "[t]he cabinet may appear in any judicial proceeding on behalf of the dependent child in order to secure support for the child from his parent or parents."

In *Thurman v. Commonwealth, Cabinet for Human Resources, ex. rel. Thurman,* Ky.App., 828 S.W.2d 368 (1992), the father argued that the cabinet had no standing to enforce a child support obligation because the mother never applied for or received public assistance on behalf of the child. This Court rejected that argument finding that the statutory language clearly refuted it. Several decisions from other jurisdictions re-

---

1. None of the parties in the divorce actions has filed responses to this appeal. Pursuant to CR 76.12(8)(c), if the appellees' brief has not been filed within the time allowed the court may: (i) accept the appellant's statement of the facts and issues as correct, (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action, or (iii) regard the appellees' failure as a confession of error and reverse the judgment without considering the merits of the case. Due to the importance of the issue in the instant cases, we have considered the merits.

veal that the circuit court erred by denying the county attorney's intervention. In *State ex. rel. Jeske v. Jeske,* 144 Wis.2d 364, 424 N.W.2d 196 (1988), the court in construing the federal statute and a similar state statute held that the support agency was required to represent both AFDC and non-AFDC clients in their modification efforts. The court reversed the trial court's ruling prohibiting the agency from acting on behalf of an obligee in an action to modify a decree's child support provisions. Similarly, Florida courts in *Thaysen v. Thaysen,* 583 So.2d 663 (Fla. 1991), and *Wilkinson v. Coggin,* 552 So.2d 348 (Fla.Dist.Ct.App.1989), held that based upon federal and state statutes the appropriate state agency was authorized and empowered to proceed with a support modification petition on behalf of the custodial parent. In *South Carolina Dept. of Social Services v. Deglman,* 290 S.C. 542, 351 S.E.2d 864 (1986), the court ruled that the South Carolina Department of Social Services had standing and was authorized to bring an action to establish child support on behalf of the child's mother.

In the instant cases, the circuit court erred in each instance by denying the county attorney's motion to intervene.[2] *See* CR 24.01. Each custodial parent had applied for IV–D services and the county attorney, by moving to intervene in order to seek modifications of child support, was attempting to represent the applicants. The circuit court's denials were contrary to KRS 205.712, KRS 206.765 and cases in other jurisdictions that have construed similar statutory provisions. Thus, this Court must reverse the circuit court's orders because they were erroneous as a matter of law. We remand the cases so that they can proceed accordingly.

For the foregoing reasons, the orders of the Jefferson Circuit Court are reversed and the cases remanded for proceedings consistent with this opinion.

All concur.

---

2. In each case, the circuit court only provided a handwritten denial. There is nothing in the record to indicate the court's reasons for denying the motions.