PER CURIAM.
The appellants, the Department of Health and Rehabilitative Services (HRS) and Barbara Fritz, challenge an order ruling that HRS lacks standing to pursue a child support arrearage action in this case. The court reached this conclusion after determining that neither Fritz nor the children have received any public assistance benefits from the State of Florida, and that the children have attained the age of majority. However, the authorizing statutes do not impose such limitations on HRS’ standing. See sections 88.121(1); 409.2564(1), Florida Statutes. Instead, the legislature has expressed an intent to insure the collection of child support arrear-ages even after the child is no longer dependent. See section 88.012, Florida Statutes. We therefore find that the court erred in ruling that HRS lacks standing in this case. See State, Dep’t of Health and Rehabilitative Services v. Savage, 570 So.2d 1089 (Fla. 1st DCA 1990); Department of Health and Rehabilitative Services v. Blue, 564 So.2d 243 (Fla. 5th DCA 1990).
The challenged order also reduced the child support arrearage to a money judgment, but declined the appellants’ request for a payment schedule. The appellants acknowledge that this request was addressed to the lower court’s discretion, but argue that the court abused its discretion. We agree that under the particular facts of this case it was an abuse of discretion not to establish a payment schedule. Without fully delineating these facts, we note that as the supreme court indicated in Gibson v. Bennett, 561 So.2d 565 (Fla.1990), practical considerations may warrant the enforcement of a child support arrear-age, even after the child’s majority, by more efficient means than ordinary execution at law.
The order appealed is reversed and the cause remanded.
BOOTH, JOANOS and ALLEN, JJ., concur.