JOANOS, Chief Judge.
The Department of Health and Rehabilitative Services (HRS) has appealed an order of the trial court entering a money judgment in its favor for reimbursement of public assistance benefits, pursuant to section 409.2561, Florida Statutes (1989). HRS contends that the trial court abused its discretion in refusing to incorporate into that judgment the stipulation between itself and the obligor that the money be paid back at the rate of $50.00 per month. Under the circumstances of this case, we agree, and reverse.
Robert and Janet McLemore were divorced in 1983. No child support order was ever entered for the couple’s three minor children, and HRS provided public assistance from March 1, 1983 to October 31, 1984. Section 409.2561(1), Florida Statutes, provides that “[a]ny payment of public assistance money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance paid.” In 1990, HRS filed a complaint to establish Robert McLe-more’s obligation for past support.
A hearing was held, in the course of which McLemore acknowledged his obligation to pay back $4191 in assistance benefits. HRS asked the court to incorporate into the final judgment McLemore’s agreement that he would pay back that amount at $50 per month. However, based on the provision in section 409.2561(1) that “[i]f there is no prior court order establishing an obligation of support, the court shall establish the liability of the obligor for reimbursement of public assistance moneys paid” (emphasis supplied), the court found that it had no authority to do more than enter a final judgment in behalf of HRS in the amount of the obligation.
We have already ruled that the language of section 409.2561(1) is broad enough to incorporate a payment agreement into an order establishing the liability of the obli-gor for public assistance moneys paid. Department of Health and Rehabilitative Services v. Vorac, 582 So.2d 79 (Fla. 1st DCA 1991). Therefore, at least when HRS and the obligor stipulate as to the method and amount by which such moneys will be repaid, it is an abuse of discretion to refuse to incorporate that stipulation into the final judgment. The final judgment herein appealed is therefore reversed, and the case remanded for entry of a final judgment which incorporates the payment agreement reached by HRS and Robert McLemore.
Reversed and remanded with directions.
SMITH and MINER, JJ., concur.