JOANOS, Chief Judge.
The Department of Health and Rehabilitative Services (HRS) appeals an order entering a money judgment in favor of the state. HRS contends the award of a money judgment, rather than the requested schedule of payments, is contrary to the public policy pronouncements of Chapter 409. We reverse.
This case had its inception in a complaint filed by HRS to recover public assistance payments made by the state for the benefit of the minor child of Deena and Charles Baker. At the hearing on the complaint, counsel for HRS advised the trial court that the issue was reimbursement of welfare funds in the amount of $666.00 paid on behalf of the Bakers’ child. Counsel further advised that Mr. Baker had consented to repayment at the rate of $200.00 per month. Accordingly, counsel for HRS requested that an order be entered to that effect. After determining that there had been no prior child support order, the trial court expressed the view that an order granting a money judgment was indicated in this case. Subsequently, an order was entered awarding final judgment in favor of HRS and against Charles Baker, in the amount of $666.00. The HRS claim for a monthly payment provision was denied.
Section 409.2551, Florida Statutes (1989), expresses legislative intent “that children shall be maintained from the resources of their parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through public assistance programs.” Section 409.2561(1), Florida Statutes (1989), which sets forth reimbursement obligations of family members with regard to public assistance payments, states in part:
Any payment of public assistance money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance paid. If there has been a pri- or court order or final judgment of dissolution of marriage establishing an obligation of support, the obligation is limited to the amount provided by such court order or decree.... If the obligor fails to discharge the reimbursement obligation, the department may apply for a contempt order to enforce reimbursement for support furnished.... If there is no prior court order establishing an obligation of support, the court shall establish the liability of the obligor, if any, for reimbursement of public assistance moneys paid. Priority shall be given to establishing continuing reasonable support for the dependent child. The department may apply for modification of a court order on the same grounds as either party to the cause and shall have the right to settlé and compromise actions brought pursuant to law.
A support decree is different in nature from a judgment for money or property, and thus may be enforced by more efficient means than simply ordering execution at law. Gibson v. Bennett, 561 So.2d 565 (Fla.1990). In Gibson, the court observed that “[establishing a support decree as a money judgment does not destroy the decree as an order to pay support nor is the obligation reduced to an ordinary judgment debt enforceable only at law.” 561 So.2d at 569. See also Department of *1077 Health and Rehabilitative Services v. Vorac, 582 So.2d 79 (Fla. 1st DCA 1991).
In the instant case, reimbursement was sought for support payments made by the state on behalf of a minor child. The total amount due was $666.00, which the father agreed to pay at the rate of $200.00 per month. The words of the statute are broad enough to encompass a schedule of payments, where, as here, there was an agreement for a schedule of payments. Because the matter of payment was not an issue, and the parties were in agreement that payment would be accomplished under a schedule of payments, and were also in agreement as to the amount of the payments, it was an abuse of discretion to fail to enter an order in accordance with the parties’ agreement.
Accordingly, the order awarding a money judgment in favor of the state is reversed, and the cause is remanded for entry of an order establishing a schedule of payments.
SMITH and MINER, JJ., concur.